McNAIER *v.* MANHATTAN RY. CO.

(*Supreme Court, General Term, Second Department.* February 11, 1889.)

1. EVIDENCE—USE OF SKULL TO EXPLAIN INJURY.
    In an action for damages for injuries to plaintiff's eye, the use of a skull to explain to the jury the nature of such injuries is not objectionable.

2. SAME—SURGICAL INSTRUMENTS.
    Nor is the exhibition of the surgical instruments with which an operation, necessitated by the injury, was performed, objectionable.

3. DAMAGES—MEASURE OF—COST OF MEDICAL TREATMENT.
    Plaintiff having averred that he was put to expense for surgical treatment, it is not error to allow the surgeon to testify to the value of his services. It is not necessary that the amount shall have been actually paid.

4. RAILROAD COMPANIES—NEGLIGENCE—SPARKS FROM ENGINE—INSTRUCTIONS.
    In an action against an elevated railroad company for negligently permitting hot cinders to escape from its engine, whereby plaintiff was injured, the court did not err in charging that it was defendant's duty to so construct the ash-pans, etc., of its engines as to reduce the danger of accident "to the least possible practical minimum point."

Appeal from circuit court, Westchester county.

Action by Tyler McNaier against the Manhattan Railway Company to recover damages for injury to plaintiff's eye, caused, as alleged, by a hot cinder falling from an engine on defendant's elevated railway in the city of New York. The court, in its charge, said to the jury: "It was the duty of this railroad company * * * to construct its smoke-stack, to construct its ash-pans, and to guard them properly, so as to reduce the probability of accidents, or the possibility of accidents, * * * to the least possible practical minimum point." There was a verdict and judgment for plaintiff, and de-

fendant appeals. For the opinion of the general term, on a former appeal by plaintiff, see 46 Hun, 502.

Argued before BARNARD, P. J., and PRATT, J.

*Davies & Rapallo,* for appellant. *Joseph S. Wood,* for respondent.

PRATT, J. The objection of defendant to the use of a skull to explain to the jury the nature of plaintiff's injuries is not well taken, nor was the objection to the exhibition of the surgical instruments, by which the operation was performed, valid. The examination of the plaintiff in presence of the jury to see if pus continued to exude from the wound was not objectionable. The object of a trial being to acquaint the jury with the truth of the case, it is not perceived how any of these means, useful for that purpose, could injure the appellant. To suppose that the sight of a skull and the instruments, used, as they were, to explain the injury and the operation necessary to relieve it, should have "inflamed the passions of the jury," is quite unreasonable. Their use was a matter in the discretion of the circuit judge, which was wisely exercised. Nor was it error to allow the surgeon to testify to the value of his services. The complaint avers that plaintiff was put to expense for surgical aid, and it is not necessary that the amount should be in fact paid to enable the plaintiff to recover. It is sufficient that he is liable to pay. The motion to dismiss the complaint presents the same questions as upon the former appeal, and does not require a renewed discussion. The jury could have had little difficulty in deciding that the hot coal came from defendant's engine, and the testimony of defendant's witnesses showed that such an event would not have occurred had proper skill and diligence been used. The charge of the court was more favorable to defendant in the degree of care required than has been the case in many instances. A severer rule has frequently been approved upon appeal. No error appears, and the judgment must be affirmed, with costs. All concur.