MARIE B. BIRKMIRE, Respondent, *v.* CAMPUS REALTY CORPORATION and Others, Appellants.

First Department, March 30, 1928.

Corporations — directors — representative action — father and children owned corporation which held apartment house — each of married children and father and unmarried children occupied separate apartments rent free under agreement — father remarried and transferred his shares to plaintiff — action is to compel children to account for rents — death of father did not terminate contract relation — error for court to fix salaries of officers without evidence.

This is a stockholder's representative action to compel other stockholders and directors of a close corporation to account for the rents of apartments in an apartment house owned by the corporation. It appears that the father of the individual defendants and the individual defendants entered into a mutual agreement whereby the married children and the father and unmarried children each occupied apartments rent free. The father was married to plaintiff and assigned his shares of stock to her. The father died and the children continued to occupy the apartments without paying rent.

The death of the father did not terminate the scheme under which all had lived for many years in apartments without paying rent and did not call for a strict corporate accounting so that the second wife might benefit more fully from her shares than the father had done. It is clear that it was the intention of the parties that the arrangement made before the father's death should continue.

It was error for the court to assume to fix reasonable salaries for the officers in the absence of any evidence as to the worth of their services.

PROSKAUER, J., and DOWLING, P. J., dissent, with opinion.

APPEAL by the defendants from a judgment of the Supreme Court, entered in the office of the clerk of the county of Bronx on the 11th day of October, 1926.

After filing such appeal the appellants withdrew the appeal from a specified part of the judgment which related to the first cause of

action alleged in the complaint, thereby leaving only a derivative action pending.

*Alfred R. Page,* for the appellants.

*Douglas Mathewson* of counsel [*Joseph T. Brown* with him on the brief], for the respondent.

McAvoy, J. The action upon which the judgment appealed from is founded is called derivative, that is, it is not plaintiff's wrong that is to be redressed but that of the corporate body. That entity, however, has no complaint that it can assert because the unanimous consent of its stockholders and the continued course of the conduct of its affairs pursuant to the family arrangement negative the idea that these directors were guilty of misappropriating or misapplying the corporate property or funds. The plaintiff's remedy is not a recovery of funds in behalf of the company and a distribution of part thereof to the alleged wrongdoers who will thus receive not alone free rental of the company's apartments but dividends beside on the returned rent but rather a suit against the entire stockholding group for their use of the property to the extent of her proportionate share of the rentals which the others have on her theory illegally retained from the corporation to the detriment of her aliquot share in the funds, if indeed her shares are not perpetually burdened by the consent to and acquiescence in the arrangement of her assignor complained of by her. We find no ground for concluding that the death of the father of the stockholding children was to terminate the scheme under which all had lived for many years and thereupon to revert to strict corporate accounting so that his second wife might benefit more fully from her shares than he had done. It is obvious that it was the design of all that the arrangement should continue as to the free use of such premises as were occupied thus during the life of the founder of the family fortune.

The court at trial found too that plaintiff offered no evidence tending to prove that the salary paid to William H. Birkmire, the father, of $5,000 was unreasonable compensation for his services during his lifetime, when he transacted the business of the company, and that the plaintiff offered no evidence which tended to show that the salaries fixed by Gladys were not fair and reasonable compensation for the services discharged by her, and her brother and sister. Although the finding was that there was no evidence to show that these salaries were unreasonable and that the officers had rendered services therefor and discharged the duties of their offices properly, the court said that he would take his own judicial knowledge of what the services were worth for the taking care and

management of real estate. This ruling was obviously without any warrant in reason or precedent.

We think the judgment appealed from should be reversed, with costs, and the complaint dismissed, with costs.

MERRELL and FINCH, JJ., concur; DOWLING, P. J., and PROSKAUER, J., dissent.

PROSKAUER, J. (dissenting). William H. Birkmire, the husband of the plaintiff and the father of the individual defendants, during his lifetime caused the organization of the defendant corporation and to it transferred valuable real estate. The fifty shares of stock of the company had been held, ten shares by Mr. Birkmire and eight shares each by his sons Harold and Cyril and his daughters Edith, Freda and Gladys. About two months prior to his death he transferred his ten shares to the plaintiff, the stepmother of these children. The corporation owned apartment houses on Andrews avenue and on Loring place, in the borough of The Bronx. From 1914 until the time of his marriage with the plaintiff Mr. Birkmire resided in an apartment in the Loring place house without payment of any rent and his sons and daughters resided with him during a large part of that period. When Harold Birkmire was married in 1917, all the stockholders of the corporation agreed that he should occupy rent free one of the apartments in the Andrews avenue property. A similar agreement was made when Freda Birkmire was married in 1922. Similarly, upon William H. Birkmire's marriage with the plaintiff, there was an agreement that he should occupy rent free one of the apartments in a building owned by the defendant corporation, and that Cyril Birkmire, Edith Birkmire and Gladys Birkmire should continue to occupy rent free the apartment in the Loring place building in which they had theretofore resided with their father. William H. Birkmire died on February 9, 1924. The individual defendants have been since that time the officers and directors of the corporation. They have continued to occupy their respective apartments on Andrews avenue rent free and have permitted their brothers and sisters to continue to reside at Loring place rent free.

The plaintiff brings a representative action to charge the individual defendants, among other things, with the reasonable rental value of these premises occupied by them and under their authority by their brothers and sisters, and the court has decreed an accounting with respect to these items. I think this direction is correct. It is true that this was a family corporation and that during the lifetime of the father there was unanimous agreement among the stockholders of the corporation which justified the enjoyment rent

free of these premises. But no inference can be drawn that this arrangement was to last forever. The reasonable interpretation of the agreement and conduct of the parties was that the arrangement was to continue while the family *status quo* continued. The family situation was changed essentially by the gift of Mr. Birkmire's stock to his wife and his ensuing death, and no inference can reasonably be drawn that the immunity from rent was to continue after the death of Mr. Birkmire.

The judgment is also challenged because of a direction for the repayment of salaries allowed to officers of the corporation over and above an amount fixed by the court as reasonable compensation for their services. Since their father's death the individual defendants paid out of the assets of the corporation to themselves and their brother and sisters $1,005.60 each in addition to the sum of about $6,000 a year voted to themselves as salaries. During that period the plaintiff, owning one-fifth of the stock, has received nothing. The by-laws of the corporation provided that the salaries of officers should be fixed by the president and until so fixed " no officer shall be entitled to any remuneration for his services." During his lifetime Mr. Birkmire had fixed his own salary at $5,000 per annum. This salary continued until February 6, 1924. On that day Gladys Birkmire, as president of the corporation, fixed her salary at $3,000 per annum and fixed the salary of Cyril Birkmire, as secretary, at $1,500 per annum, and Edith Birkmire, as treasurer, at $1,500 per annum. The gross income of the corporation was about $26,000 a year and the services rendered related merely to the management of these apartment houses. Obviously, no just complaint could be made against the payment of salaries while all stockholders were parties to the agreement under which they were paid. But here again a new situation arose with the death of Mr. Birkmire and the court properly found that the diversion of almost a quarter of the gross income of the corporation for the negligible services rendered by these individual defendants was an abuse of the discretion of directors and a waste of corporate funds. The amounts fixed by the court as reasonable are fair.

The judgment appealed from should be affirmed, with costs.

DOWLING, P. J., concurs.

Judgment reversed, with costs, and complaint dismissed, with costs. The findings inconsistent with this determination should be reversed and such new findings made of facts proved upon the trial as are necessary to sustain the judgment hereby awarded. Settle order on notice.