DONNELL RICHARDS, AS ADMINISTRATOR OF THE ESTATE OF MARGARET L. BRIDGMAN, ALSO KNOWN AS MARGARET L. STEELE, APPELLANT, v. ELIZABETH FRANCES STEELE, INFANT, BY GERTRUDE E. STUART, GUARDIAN OF THE PERSON AND ESTATE OF SAID INFANT, RESPONDENT.

No. 3239

December 30, 1938. 86 P.(2d) 30.

*William S. Boyle* and *Kendrick Johnson* (of Counsel), for Appellant:

*Clyde D. Souter,* for Respondent:

# OPINION

By the Court, COLEMAN, C. J.:

This is an appeal by the defendant from a judgment in favor of the plaintiff and from an order denying a new trial.. The parties will be referred to as in the lower court.

Omitting a reference to the allegations of the complaint of which there is no denial, it alleges that the plaintiff loaned to Margaret L. Bridgman, deceased, the sum of $2,400, and that the said Bridgman did not repay the same.

The answer, for lack of knowledge, denies said allegation of the complaint. The answer then alleges: "That defendant is informed and believes and therefore alleges the facts to be that the plaintiff, Elizabeth Frances Steele, came into possession of certain sums of money belonging to Margaret L. Bridgman, also known as Margaret L. Steele, in that Margaret L. Bridgman disposed of real property situated in Reno, Washoe County, Nevada, and received in consideration thereof, approximately

$5,000; that the said Margaret L. Bridgman thereafter deposited $2,500 of that sum in her own name in a Postal Savings account with the United States Post Office Dept., and a sum at this time unknown to the administrator, in the name of Elizabeth Frances Steele. That the said Margaret L. Bridgman placed the said unknown sum of money in the name of Elizabeth Frances Steele, for the use and benefit of Margaret L. Bridgman; that the said sum was held to the use and benefit of Margaret L. Bridgman by the said Elizabeth Frances Steele. From time to time and at the instance and direction of her mother, Margaret L. Bridgman, Elizabeth Frances Steele drew out the said money, and gave it to her mother, the said Margaret L. Bridgman."

Plaintiff filed a reply denying that portion of the matter alleged in the answer, above quoted, alleging that Margaret L. Bridgman placed money on deposit in the name of plaintiff for the use and benefit of Mrs. Bridgman, and also denied that portion of said matter alleging that the plaintiff "gave" money to Mrs. Bridgman.

The plaintiff called as a witness the postmaster of Reno, who testified that Elizabeth Steele, the plaintiff, a daughter of the deceased, of the age of fifteen, opened an account in the Reno post office on January 28, 1937. He then testified as to plaintiff's Exhibit "A," which is in the usual form of a card signed by one making such deposit, showing residence, age, business, amounts and dates of deposits and dates of withdrawal. This exhibit shows that on January 28, 1937, the plaintiff deposited $1,150, and that on May 17, 1937, she deposited $1,250. It also shows withdrawals by plaintiff, as follows: May 25, 1937, $400; June 14, 1937, $500; July 10, 1937, $500; July 24, 1937, $550; and August 12, 1937, $500.

The witness also testified that an infant over twelve years of age may withdraw deposits made by her. He also testified that no person can deposit over $2,500.

At the conclusion of the testimony of this witness, the plaintiff rested. Thereupon the defendant moved for a nonsuit, which was denied.

Proof on the part of the defendant shows that Margaret L. Bridgman opened a postal savings account on January 27, 1937, on which day she deposited $2,500.

Defendant called as a witness Beryl Steele Muntz, a sister of the plaintiff, both of whom are adopted daughters of the deceased. She testified to her age being twenty-four years; that her mother died August 12, 1937. The defendant also offered to prove by this witness that two weeks after the death of Mrs. Bridgman there was a conversation between the witness and the plaintiff, to the effect that her mother desired to deposit some money in the Postal Savings Department of the United States Post Office of Reno, Nevada, and that the post office department would not accept over $2,500, and that her mother, or their mother, then suggested that the remainder be deposited in Betty's name.

Counsel for the plaintiff objected to the admission of the tendered testimony, because it is hearsay, immaterial and irrelevant, and upon the further ground that it is not admissible under sections 8966 and 8970 N. C. L. The court sustained the objection. The husband of deceased was called by defendant, and the court sustained an objection to his testimony on the ground he was an interested party.

Counsel for defendant urges several reasons why the judgment should be reversed. One is for insufficiency of evidence to justify the judgment. We will now consider it.

■ There is no evidence in this case as to where the plaintiff procured the money which she deposited in the postal savings account. Nor is there a scintilla of evidence that she loaned it to Mrs. Bridgman or that she otherwise disposed of it. The pleadings do not constitute evidence. The matter pleaded in the answer, above quoted, does not, as contended by plaintiff, admit that the plaintiff loaned the amount stated therein to Margaret L. Bridgman, nor does it establish as a fact, as contended by defendant, that the said deposits were in trust for Margaret L. Bridgman.

126

 The sole purpose of a pleading is to establish an issue. 49 C. J. 31. A fact alleged in a pleading verified by a party to an action, which is not denied, is admitted. Such a pleading is competent evidence in certain circumstances (22 C. J. pp. 331–333) ; but in the instant matter the pleadings serve only to raise an issue. If we hold that the matter pleaded in the answer can be considered as evidence in behalf of plaintiff, we must hold that it must also be considered in behalf of defendant. If it can be considered at all, we would have to hold that it is evidence in support of the allegation that the money was deposited in trust for Mrs. Bridgman.

 Assuming that the money in question belonged to the plaintiff when deposited and withdrawn from deposit, there is no evidence as to what was done with it by the plaintiff after she drew it out of the savings account.

Plaintiff having failed to establish her allegation of a loan to Mrs. Bridgman, she cannot recover.

We need not consider the other errors assigned.

It is ordered that the judgment and the order appealed from be and they are hereby reversed, and the case is remanded to the trial court for further consideration. Defendant to recover his costs.

## ON PETITION FOR REHEARING

March 6, 1939. 87 P.(2d) 805.

*William S. Boyle* and *Kendrick Johnson* (of Counsel), for Appellant.

*Clyde D. Souter,* for Respondent.

## OPINION

*Per Curiam:*

Respondent has filed a petition for a rehearing, in which a theory is presented which was not suggested on the original hearing nor considered by the court in its opinion.

It was said, on petition for rehearing in the matter of Howard's Estate, 48 Nev. 100, at page 107, 227 P. 1016, 232 P. 783: "It has been the universal practice to deny a petition for a rehearing when based upon a ground not urged upon the original hearing."

In view of this well-established practice, the petition must be denied. It is so ordered.

COLEMAN, J., died before the filing of the foregoing opinion.