DONNELL RICHARDS, as Administrator of the Estate of MARGARET L. BRIDGMAN, also known as MARGARET L. STEELE, Appellant, v. ELIZABETH FRANCES STEELE, Infant, by GERTRUDE E. STUART, Guardian of the Person and Estate of Infant, Respondent.

No. 3281

February 27, 1940.                    99 P. (2d) 641.

**OPINION**

By the Court, TABER, C. J.:

The first trial of this cause resulted in a judgment for plaintiff (respondent) which was reversed on appeal. Richards v. Steele, 59 Nev. 121, 86 P.(2d) 30. On the second trial, which like the first was by the court without a jury, plaintiff again recovered judgment, and this appeal is from that judgment and from an order denying a new trial. The grounds upon which a new trial was asked were: "1. Insufficiency of the evidence to justify the decision and judgment. 2. That the judgment and decision are against law."

The allegations in the first five paragraphs of the complaint are admitted.

Paragraph VI of the complaint reads: "That heretofore, and during the lifetime of the said Margaret L. Bridgman, also known as Margaret L. Steele, the Plaintiff, Elizabeth Frances Steele, loaned to the said Margaret L. Bridgman, also known as Margaret L. Steele, the following sums of money, on the dates set opposite the respective sums, as follows: May 25, 1937—$400.00, June 14, 1937—$500.00, July 10, 1937—$500.00, July 24, 1937—$500.00, August 12, 1937—$500.00; which said sums the said Margaret L. Bridgman, also known as Margaret L. Steele promised to repay."

In paragraph II of his answer, defendant answers said paragraph VI of the complaint as follows: "The defendant not having any knowledge of the transaction alleged in paragraph VI of plaintiff's complaint, therefore, denies all of paragraph VI of plaintiff's complaint, and further answering paragraph VI, defendant alleges: That defendant is informed and believes and therefore alleges the facts to be that the plaintiff, Elizabeth Frances Steele, came into possession of certain sums of money belonging to Margaret L. Bridgman, also known as Margaret L. Steele, in that Margaret L. Bridgman disposed of real property situated in Reno, Washoe County, Nevada, and received in consideration thereof, approximately $5,000; that the said Margaret L. Bridgman thereafter deposited $2,500 of that sum in her own name in a Postal Savings account with the United States Post Office Dept., and a sum at this time unknown to administrator, in the name of Elizabeth Frances Steele. That the said Margaret L. Bridgman placed the said unknown sum of money in the name of Elizabeth Frances Steele, for the use and benefit of Margaret L. Bridgman; that the said sum was held to the use and benefit of Margaret L. Bridgman by the said Elizabeth Frances Steele. From time to time and at the instance and direction of her mother, Margaret L. Bridgman, Elizabeth Frances Steele drew out the said money, and gave it to her mother, the said Margaret L. Bridgman."

In her reply, as originally drafted and as it stood at the time of the first trial, plaintiff replied to said paragraph II of defendant's answer as follows:

"I. Plaintiff denies the allegation in Paragraph II of Defendant's Answer to the effect 'That the said Margaret L. Bridgman placed the said unknown sum of money in the name of Elizabeth Frances Steele, for the use and benefit of Margaret L. Bridgman; that the said sum was held to the use and benefit of Margaret L. Bridgman by the said Elizabeth Frances Steele."

"II. Plaintiff denies the allegation in the last four

lines of Paragraph II of Defendant's Answer in so far as said allegation alleges that the Plaintiff 'gave' to Margaret L. Bridgman any money, but on the contrary alleges that said money was loaned."

Prior to the second trial plaintiff, by leave of court, amended said paragraph II of her reply to read: "Plaintiff admits that from time to time, at the instance and direction of her mother, Margaret L. Bridgman, Elizabeth Frances Steele drew out the said money and actually and physically delivered it to her said mother, the said Margaret L. Bridgman, but in so far as the last three lines of Paragraph II of Defendants' Answer contain any implication of a conclusion of law that in so doing the conduct of Elizabeth Frances Steele amounted to a legal gift, to that extent, and that extent only, the Plaintiff denies such implication."

At the opening of the second trial the respective parties stipulated that the transcript of the testimony taken at the first trial should constitute the testimony in the second trial, and a copy of the reporter's transcript of the evidence given at the first trial is included in the record on this appeal.

After the trial court had rendered its decision in the second trial and directed findings to be prepared, plaintiff served a copy of the proposed findings upon defendant as required by the statute. Defendant filed objections to the proposed findings, but failed to serve on plaintiff a notice in writing specifying desired additions to or modifications of said proposed findings.

Section 15 of the 1937 new trials and appeals act, Stats. of Nevada, 1937, chap. 32, p. 53, at p. 57, reads: "In cases tried by the court, without a jury, no judgment shall be reversed for want of a finding, or for a defective finding of the facts, unless exceptions be made in the court below to the finding or to the want of a finding after application to the court for additions to or modification of the findings with notice given to the adverse party as prescribed in section 286 of an act

entitled 'An act to regulate proceedings in civil cases in this state, and to repeal all other acts in relation thereto,' approved March 17, 1911, as amended by an act entitled 'An act to amend section 286 of an act entitled "An act to regulate proceedings in civil cases in this state and to repeal all other acts in relation thereto," ' approved March 17, 1911, as amended, being section 8784 Nevada Compiled Laws 1929, volume 4, approved February 20, 1931. Upon failure of the court on such application to remedy the alleged error, the party moving shall be entitled to his exceptions."

Said section 286 of the civil practice act (sec. 8784 N. C. L. 1929), as amended, Stats. of Nevada 1931, chap. 25, p. 28, reads in part: "In all cases where the court directs a party to prepare findings, a copy of said proposed findings shall be served upon all the parties who have appeared in the action at least five days before findings shall be signed by the court, and the court shall not sign any findings therein prior to the expiration of such five days. The court may, however, at any time before said findings are signed, add to or modify the findings in any respect so as to make the same conform to the issues presented by the pleadings and to the evidence adduced at the trial. No such additions to, or modifications of, the findings shall be made unless a notice in writing specifying generally the additions or modifications desired shall have been served on the adverse party of his attorney of record."

The trial court refused to add to or modify the proposed findings, basing its action upon defendant's failure to serve plaintiff with notice of desired additions or modifications. Defendant, having failed to serve such notice, is in no position, on his appeal from the order denying a new trial, to urge that the evidence was insufficient to justify the decision; but he has appealed from the judgment of the district court as well as from its order denying a new trial, and we can therefore examine the evidence to determine the legal question

whether there was *any* evidence to support the judgment. Sweet v. Sweet, 49 Nev. 254, at page 258, 243 P. 817.

It is not claimed that the decision of the trial court is inconsistent, that said decision is impossible under the pleadings, or that the findings do not support the judgment. Appellant does contend, however, not only that the evidence was insufficient to justify the decision, but that there was *no* evidence to justify it; in other words, that there was a total failure of proof either that Mrs. Bridgman made a gift of the money in question to the infant, or that the latter lent the same to the former. He urges that plaintiff's amendments of her reply has not effected any material change in the pleadings, and as the testimony and documentary evidence were precisely the same on the second trial as on the first, he argues that our decision on the first appeal is res adjudicata, and that we can neither legally nor consistently do otherwise than order a reversal as on the first appeal.

In the opinion on the first appeal Chief Justice COLEMAN, speaking for the court, said [86 P. (2d) 31]: "The pleadings do not constitute evidence. The matter pleaded in the answer, above quoted, does not, as contended by plaintiff, admit that the plaintiff loaned the amount stated therein to Margaret L. Bridgman, nor does it establish as a fact, as contended by defendant, that the said deposits were in trust for Margaret L. Bridgman." No change in the foregoing statement would be justified by reason of plaintiff's amendment to her reply. But a careful study of the pleadings as they stood at the time of the second trial satisfies us that, independent of any testimony, said pleadings establish the fact that the money claimed to have been given Elizabeth Frances Steele by Mrs. Bridgman was placed in postal savings account by the latter in the name of the former, and that when Elizabeth Frances Steele withdrew this money from said account, she delivered it physically to said Margaret L. Bridgman. These facts,

coupled with such other facts as the infancy of Elizabeth Frances Steele, her relationship (adopted daughter) to Mrs. Bridgman, and the depositing of said $2,400 in postal savings account so as to place it in the infant's exclusive control, constitute some substantial evidence that Mrs. Bridgman made a gift of said money to her said adopted daughter, and that the latter in turn lent the same to Mrs. Bridgman. It is to be observed that there was no testimony whatever substantiating defendant's allegation that the $2,400 was placed in postal savings account for the use or benefit of Mrs. Bridgman, or that it was held by Miss Steele for Mrs. Bridgman's use or benefit.

Taking these views, regardless of any opinion we may entertain as to the sufficiency of the evidence to justify the decision of the trial court, we do not feel that it would be proper to adjudge a reversal.

The judgment and order appealed from are affirmed.

### ON PETITION FOR REHEARING

March 18, 1940.                    100 P.(2d) 72.

For former opinion see 60 Nev. 66, 99 P.(2d) 641.

## OPINION

By the Court, TABER, C. J.:

While it is true, as stated in the opinion on the first

appeal in this case (59 Nev. 121, 86 P. (2d) 30, 31), that "The pleadings do not constitute evidence," it is equally true, as said in the same opinion, that "A fact alleged in a pleading verified by a party to an action, which is not denied, is admitted." This is one of the primary rules of pleading, and is elementary. 20 Am. Jur. 532, sec. 630; 21 R. C. L. 561, 562, sec. 120, nn. 10, 14.

■ Defendant himself alleges in his answer that Mrs. Bridgman deposited the money in controversy in the name of the infant. This is not denied in plaintiff's reply. What *is* denied is that the money was placed in the infant's name for the use and benefit of Mrs. Bridgman, and held to her use and benefit by the infant. Thus, while there is no oral testimony or other *evidence* as to where the infant procured the money which she deposited in the postal savings account, the fact that she procured it from Mrs. Bridgman, who deposited it in her name, is indisputably established by the *pleadings*.

■ It was stated in our decision on the first appeal that there was not a scintilla of evidence that the infant lent the money to Mrs. Bridgman, or otherwise disposed of it. And in that decision the court further said: "Assuming that the money in question belonged to the plaintiff when deposited and withdrawn from deposit, there is no evidence as to what was done with it by the plaintiff after she drew it out of the savings account." In defendant's answer it is alleged that from time to time and at the instance and direction of Mrs. Bridgman, the infant drew out the said money and gave it to her. In her amended reply, in response to the foregoing allegation, plaintiff expressly admits that the money was actually and physically delivered to Mrs. Bridgman by the infant. What was done with the money after it was withdrawn from the savings account is thus clearly established by the *pleadings*.

■ When we said, in our opinion on this appeal, that we could examine the *evidence* to determine the legal question whether there was any *evidence* to support the

judgment, we were employing the language used in Sweet v. Sweet, 49 Nev. 254, at page 258, 243 P. 817. It is obvious that the rule referred to applies to facts established by the pleadings as well as by the evidence.

There was some substantial showing, from the pleadings and evidence, that the money in question was a gift to Miss Steele, and we must therefore accept the finding of the trial court to that effect; we cannot, for the reason given in our opinion on this appeal, consider whether the evidence was *sufficient* to support that finding. The money, at the time of its withdrawal, was the exclusive property of Miss Steele; it is admitted that she delivered it to Mrs. Bridgman at the latter's request. At that time, as at the time the money was given her, she was an infant, and there is nothing in the pleadings or evidence showing, or tending to show, that the money, or any part of it, was given or used for necessaries. Under these circumstances, and in view of the protection thrown by the law around infants, making their contracts and transfers of money voidable, the trial court found that the money was lent to Miss Steele. Whether we would have arrived at the same conclusion had we sat as trial judges, we do not say; and as defendant failed to serve plaintiff with notice of desired additions to or modifications of the proposed findings, we cannot determine whether the evidence was sufficient to justify the trial court's finding that the transaction constituted a loan. The finding must stand because it cannot be said that there was no substantial showing in support of it.

Petitioner has directed our attention to the presumption that money paid by one to another was due to the latter. Statutes of Nevada 1931, chap. 50, sec. 558g, subd. 7, p. 60, at page 61. This statutory presumption is called to our attention for the first time in the petition for rehearing; but aside from that, while the statute provides that such disputable presumptions are satisfactory, if uncontradicted, it likewise provides that they

are not conclusive.  See the same act, sec. 558f, p. 60. In the instant case the money in question, which was the exclusive property of Miss Steele while on deposit and when withdrawn therefrom, was delivered to Mrs. Bridgman at a time when Miss Steele was yet an infant; and as the question of the sufficiency of the evidence to justify the decision is not before us—the sole question being whether there was *any* substantial showing to support the judgment—the presumption relied on by appellant would not, in our opinion, justify setting aside the finding of the trial court.

The petition for a rehearing is denied.