# PHILIP CURTI, Appellant, *v.* ALFRED FRANCESCHI, Respondent

No. 3323

March 15, 1941.                                      111 P.(2d) 53.

*Wm. M. Kearney* and *Robert Taylor Adams,* for Appellant.

*Harold O. Taber,* for Respondent.

## OPINION

By the Court, ORR, J.:

On the 15th of April 1939, at the city of Reno, Washoe County, Nevada, a collision occurred between a car driven by appellant and one driven by respondent. Following the collision, each of the parties got out of his

car, and they engaged in conversation. Later appellant struck respondent with his fist, knocking him to the sidewalk. Respondent's head struck the sidewalk, and he was rendered unconscious. Respondent was lifted from the sidewalk by certain bystanders, and was by them leaned against a telephone pole, where he remained until picked up by the police. Respondent was taken to a hospital, later incarcerated in the city jail, and still later hospitalized for several days. After leaving the hospital he was under the care of a physician for a considerable length of time.

Respondent brought an action to recover damages for assault and battery. Appellant answered, admitting striking the blow but setting up self-defense in extenuation. The case was tried before the court without a jury, and after trial judgment was rendered in favor of respondent in the sum of $1,664.25, being made up of the following items: ten days in the Washoe County Hospital at $4 per day, $40; cost of X-rays $20; doctor bills $250; loss of employment $354.25; pain, suffering and humiliation $500; future pain and discomfort $300; punitive damages $200.

■ The judgment is attacked principally upon the ground that there is no substantial or credible evidence in the record to support it. Respondent answers this contention by stating that appellant is attempting to secure a second decision on the facts, and, further, the decision of the trial court cannot be disturbed where there is substantial evidence to support it, citing; Strattan v. Raine, 45 Nev. 10, 197 P. 694, 200 P. 533; Roberti v. Anderson, 27 Nev. 396, 76 P. 30; and McGurn v. McInnis, 24 Nev. 370, 55 P. 304, 56 P. 94.

Appellant recognizes the rule set forth in the above-cited cases, but, as hereinbefore stated, insists there is not substantial evidence to support the decision, and, as relates to certain specific awards, insists there is no evidence to support them.

Respondent further takes the position that appellant

cannot in this case raise the question as to the sufficiency of the evidence, for the reason that no additions or modifications to the findings were proffered, and relies on the case of Richards v. Steele, 60 Nev. 66, 99 P. (2d) 641, Id., Nev., 100 P. (2d) 72.

There is a wide difference between the procedure taken in the instant case and that in the case of Richards v. Steele. Here notice was given, also objections made to the proposed findings, and additional findings proffered, which, had they been adopted by the court, would have changed the decision so as to defeat any recovery by respondent and make further examination of the special awards unnecessary.

Appellant also contended before the trial court that the findings objected to had no place in the record in any form, modified, corrected or otherwise. Appellant followed very closely the requirements of Statutes of Nevada 1931, chapter 25, page 28, and Statutes of Nevada 1937, section 15, c. 32, page 57. The objection is without merit.

■ The trial court found that appellant did not act in self-defense. This finding rests on substantial evidence and must stand.

We now proceed to consider the following question: Does the record disclose substantial evidence supporting the several awards made by the trial court?

We have concluded that it would serve no useful purpose to quote the evidence in this case, in that it would not be helpful in the consideration of future cases.

■ Appellant makes much of the proposition that he proved at the trial that the reputation of respondent for truth and veracity and for peace and quiet was bad. However, without reliance on the testimony of respondent to any great degree, there is ample evidence from which the trial court could draw the conclusion that the assault was unprovoked and was malicious. One witness, Ford, testified that after the respondent was knocked to the sidewalk by appellant, appellant grabbed

respondent and beat his head on the sidewalk, and afterwards attempted to kick him, but was restrained from so doing by bystanders. The trial court accepted this testimony, and it being the judge of the credibility of the witnesses, we cannot disturb its decision in that respect. Appellant urges that the surrounding circumstances were such as to demonstrate the testimony of said witness Ford to be so incredible as to be unworthy of belief. Doubtless appellant urged this contention on the trial court, and the trial court rejected it.

■ The first award discussed in appellant's brief is that made for future pain and discomfort. Appellant asserts that there is no legal basis for this award because the rule has been definitely established that in order to make such an award it must be substantially supported by expert testimony to the effect that future pain and suffering is a probable, as contrasted to a possible, result. We think such is a correct statement of the rule. See Pine v. Rogers, 182 Okl. 276, 77 P. (2d) 542, 115 A. L. R. 1149; Shawnee-Tecumseh Traction Co. v. Griggs, 50 Okl. 566, 151 P. 230.

Of course the rule has application only in cases where the results of the injury, as in the case here, are subjective, that is, not such as the court or jury can observe for themselves and determine as to whether permanent injury or pain and suffering may result.

We have examined with care the evidence quoted by respondent to support his contention that there is in the record expert testimony to support the finding of future pain and suffering. This quoted testimony is found on pages 17 to 20 of respondent's brief, and embraces the testimony of two physicians. This testimony, as we read it, deals with results that might occur from injuries such as respondent sustained, from time of the injury, and is not connected with what the future result to respondent may be from the time of trial. Indeed, Dr. Lambird, who attended the respondent at the time of the injury and subsequent thereto, testified that he was

unable to say whether the respondent had entirely recovered or not. This testimony will be found reported on page 19 of respondent's brief and at page 270, lines 29 and 30, of the transcript; also at page 271 of the transcript, lines 1 to 5.

■■ The respondent testified that he had been suffering and was suffering at the time of the trial with headaches and dizziness. This is not competent evidence to support a finding of future pain and suffering. As we have said, the testimony of the experts does not deal with that question, hence there is no competent evidence in the record to sustain the finding on that point. The award of $300 for future pain and discomfort is disallowed.

■ The award of $500 for pain, suffering and humiliation from the time of injury to the date of trial is, in our opinion, supported by substantial evidence. Appellant contends there is nothing in the record to show that a man of the proven reputation of respondent would be humiliated by his experiences on the night the collision occurred. A man subjected to the punishment which the trial court found was inflicted upon respondent would indeed be entirely devoid of all human instincts and sensibilities were he to feel no humiliation. The facts conclusively demonstrate that he must have felt deeply humiliated, and justifiably so.

■■ The next award objected to is the amount for loss of employment. The court found that the injury caused respondent to be unable to work for 109 days. Prior to the injury he had been working on the Capurro ranch near Sparks, and he testified that he had received $1.75 per day and board and room. The court fixed the value of the board and room at $1.50 per day. We have failed to find any evidence in the record as to the value of the board and room. Judicial knowledge can be taken of the fact that board and room has value, but not as to what that value is. There must be some evidence as to the value before an award for board and room can be

sustained. Hence, the award of $1.50 a day for 109 days for board and room is disallowed.

■ The award for medical services we believe is supported by substantial evidence. The attending physician testified as to what he had charged, that he believed the charges were reasonable, and that he had no usual and customary fee. We think that such testimony is sufficient. Houston, etc. v. Charwaine, 30 Tex. Civ. App. 633, 71 S. W. 401; Missouri, etc. v. Dickey, Tex. Civ. App., 48 S. W. 626; McNaier, v. Manhattan R. Co., 51 Hun 644, 4 N. Y. S. 310. Appellant cites a number of cases which he claims are opposed to the cases we cite. We have read them, and find they hold that evidence of reasonable value is required, but do not say that an attending physician cannot testify as to the reasonable value of his services and that such evidence is not sufficient to support an award.

■ The next objection is to the allowance of punitive damages. As we have stated, the trial court accepted the testimony of the witness Ford, and basing the award on that evidence we think there is ample and substantial evidence to sustain the finding of the court.

The award of $300 for future pain and suffering is disallowed, and the award of $163.50 for board and room is disallowed; the judgment is reduced to the sum of $1,200.75, and as so modified the judgment is affirmed.

ON COSTS

April 28, 1941.       112 P. (2d) 819.

*William M. Kearney* and *Robert Taylor Adams,* for Appellant.

*Harold O. Taber,* for Respondent.

## OPINION

By the Court, ORR, J.:

On the 18th of March 1941 appellant filed with the clerk of this court his memorandum of costs against respondent. One of the items contained in said memorandum is: "Cost of typing record and transcript on appeal, 1634 folios at 15 cents per folio, $245.10." On March 26, 1941, respondent filed objections to said item in the cost bill, for the following reasons: "That the record on appeal includes a transcript of the proceedings certified by the official court reporter, which said transcript constitutes the bill of exceptions; said transcript

contains 1141 folios and is computed at the rate of 15 cents per folio, whereas Rule VI of the Rules of the Supreme Court provides that: 'When a certified transcript of the proceedings shall be included in or shall constitute the bill of exceptions, the reporter's statutory fees for transcription shall determine the expense of such transcript and shall determine the costs.' Rule VI of the Rules of the Supreme Court also provides that the expense of typewriting a transcript shall be for one copy only. Section 8460, N. C. L. 1929, provides that the official reporter's statutory fee for a transcript shall be 10 cents per one hundred words for the first copy, and, accordingly, the cost of the record on appeal should be reduced in the sum of $57.05, which is 5 cents per folio for the 1141 folios in said transcript."

On the 29th of March 1941 the clerk of this court made her ruling on said objections, sustaining the contention of respondent and reducing the amount of said cost bill in the sum of $57.05. From said ruling of the clerk, the appellant appealed to this court.

A reading of the item in the cost bill leaves the conclusion that appellant had charged 15 cents per folio for a certified transcript of the proceedings, which constitutes the bill of exceptions in this case, and under the provisions of section 8460 N. C. L., but 10 cents is allowed for such transcription. However, appellant explains this charge by saying that it was intended to cover an original and one copy of the transcript.

■ In construing rule VI we start with the proposition that statutes relating to costs are to be strictly construed. 20 C. J. S., Costs, p. 263, sec. 3; 14 Am. Juris., p. 8, par. 8.

2. From a reading of the following provision of rule VI, viz: "when a certified transcript of the proceedings shall be included in or shall constitute the bill of exceptions, the reporter's statutory fees for transcription shall determine the expense of such transcript," we conclude that the word "transcript" as used therein

refers to the original, no mention being made of a copy. Further, the reference is to the certified transcript which constitutes the bill of exceptions filed in the clerk's office, and not to a copy which is required to be served on the opposite party. Strict construction will not permit a reading into rule VI of a provision for allowance to a reporter of fees for copies made and furnished, even though payment may be required of the party securing them. Appellant has furnished us with citations from other states where fees for copies have been allowed as costs, but an inspection of the statutes and rules of those states discloses that provision is made for payment therefor.

■ The exception contained in rule VI, quoted supra, is for the purpose of allowing the actual charge made by the reporter for a transcript as provided by law, rather than the arbitrary figure of 15 cents per folio as set forth in the body of the rule, and the charge for a single copy only, which the rule theretofore provided for, remains unchanged and is the evident intent thereof.

The ruling of the clerk is affirmed.