WILL OF GUDDE: THUOT and another, Appellants, vs. FASTING, Executrix, Respondent.

*October 12—November 6, 1951.*

For the appellants there was a brief by *N. Paley Phillips* and *Irving D. Gaines,* both of Milwaukee, and oral argument by *Mr. Gaines.*

*Max E. Goldsmith* and *Robert M. O'Hara,* both of Milwaukee, for the respondent.

A brief on behalf of Milwaukee county was filed by *William J. McCauley,* district attorney, *Oliver L. O'Boyle,* corporation counsel, and *Robert P. Russell,* assistant corporation counsel.

CURRIE, J. This appeal presents the following four issues:

(1) The right of the trial court to fix the amount claimants were entitled to recover at $500 in view of the undisputed testimony which would have required allowance at $2,205.

(2) The right of the trial court to order payment to be made to Milwaukee county.

(3) The right of the trial court to fix the attorney fees which the attorneys for claimants proposed to charge claimants.

(4) Whether it was an abuse of discretion under the provisions of sec. 324.11, Stats., for the trial court not to have taxed costs against the estate.

1. At the trial claimants called three witnesses who testified to overhearing conversations between Gudde and the Thuots whereby Gudde promised to pay the Thuots $9 per day for the services to be rendered by them, payment to be when Gudde sold his house. Two of these witnesses were nieces of the claimants, one of whom was living in the

household with claimants at the time the conversation took place. The third witness was the husband of the niece who did not reside with claimants. The two nieces both testified as to hearing such conversation in May, 1949, and the married niece and her husband testified to overhearing a similar conversation on Thanksgiving Day, 1949.

The claimant Minnie Thuot had worked off and on for a period of approximately twenty years prior to 1949 as a practical nurse taking care of sick people, and in 1941 or 1942 she took a refresher home-nursing course under the auspices of the Red Cross and received a diploma therefor upon completion of the course. She stated that the reasonable value of the practical-nursing services rendered by her to Gudde was $9 per day. This testimony as to reasonable value was not disputed, and the attorneys for the estate called no witness to testify as to the value of the services rendered by claimants.

The trial court apparently rejected the testimony as to there being an express contract requiring the deceased to pay $9 per day for the services rendered, but in the trial court's findings of fact there was a finding that the reasonable value of the services and care furnished the deceased by the claimants was $500 which by inference would rebut the existence of a valid contract fixing the amount to be paid plaintiffs. However, the findings of fact did contain this finding:

"That the deceased promised on several occasions to pay for said services and nursing care as soon as his property was sold, since his property was on the market for sale."

At the conclusion of the trial when the trial court announced his decision allowing the claim at $500, claimants' counsel inquired of the court, "What is the basis for the allowance of $500 in order to prepare findings?" to which the trial court replied, "Just on what I believe to be my good judgment."

This court therefore is squarely called upon to decide whether an experienced county judge, such as the learned trial court in this instance, can draw upon his own experience and knowledge in fixing the value of services for which claim is made against an estate, or whether he is limited to deciding such value upon the evidence presented. Unfortunately, none of the briefs submitted in this matter cited any authorities on this question.

20 Am. Jur., Evidence, p. 128, sec. 121, states: "As a general rule, the courts will not take judicial notice of facts concerning the value of services," and cite in the footnote 1 Jones, Evidence (2d ed.), p. 755, sec. 426.

1 Jones, Evidence (2d ed.), p. 746, sec. 423, states that courts have taken judicial notice of matters of common knowledge, and then on page 755, section 426, appears this statement:

"On the other hand, facts concerning the value of services rendered are not ordinarily considered as of common knowledge."

The decision of this court nearest in point would seem to be that of *Tullgren v. Karger,* 173 Wis. 288, 181 N. W. 232. That case involved an action to recover for architects' services. There was no testimony which would have enabled the trial court to place a value upon the architects' services for the portion of their contract which they performed, but the trial court did fix a value of $600 thereon. This court in its opinion stated (p. 294):

"That the trial court had knowledge from personal experience as to the reasonable value of services such as were rendered by the plaintiffs under the contract does not appear in the record. *Though a trial court has particular personal knowledge or experience in such line of work from which he would be qualified to form a judgment upon such a matter, even then such particular personal experience could not be used as a basis for making such a finding.* Neither jurors

nor trial courts in arriving at their conclusions of fact in any particular case can properly act upon their special individual knowledge as to matters which are not of common knowledge.

*"In matters outside of the field of general knowledge* and in cases where the testimony of experts or those particularly familiar with the matters at issue is necessary, *the findings of all triers of fact,* either court or jury, *must be based upon testimony of witnesses or other evidence made a part of the record."* (Emphasis supplied.)

It might be argued that although the value of services rendered by architects is not one of common knowledge, nevertheless, the value of simple services, such as rendered by the Thuots in this case is the subject of such common knowledge. To answer this we have found it necessary to examine the decisions of courts of other states.

In the case of *Branch v. Branch,* 144 Va. 244, 132 S. E. 303, the court said (p. 250):

"This court cannot take judicial notice of the price per day of farm labor in Buckingham county, but what everybody knows the court knows, and everybody knows that the cost of day labor from October, 1924, to May, 1925, was high, and that a young, active, healthy man, from twenty-eight to thirty years of age, could have made more than double sixty-four cents a day during that period."

In *Birkmire v. Campus Realty Corp.* 223 App. Div. 226, 227 N. Y. Supp. 653, which was a stockholder's suit wherein certain corporate salaries for services in managing the real estate of the corporation were questioned, the court said (p. 227):

"Although the finding was that there was no evidence to show that these salaries were unreasonable and that the officers had rendered services therefor and discharged the duties of their offices properly, the court said that he would take his own judicial knowledge of what the services were worth for the taking care and management of real estate.

This ruling was obviously without any warrant in reason or precedent."

We believe that the case of *Curti v. Franceschi*, 60 Nev. 422, 111 Pac. (2d) 53, while involving the value of board and room per day instead of personal services is also in point. The court in that case said (p. 427):

"We have failed to find any evidence in the record as to the value of the board and room. Judicial knowledge can be taken of the fact that board and room has value, but not as to what that value is. There must be some evidence as to the value before an award for board and room can be sustained. Hence, the award of $1.50 a day for one hundred nine days for board and room is disallowed."

It seems to us that trial courts should not be permitted to determine the value of personal services, even though not professional or expert in nature, on the basis of the personal knowledge of the trial judge, because the record would be silent as to exactly what the knowledge of the trial judge was, so it would be impossible upon appeal to have any judicial review of such a determination of value. The one exception which the authorities recognize is that a trial judge who is a lawyer may determine the value of services rendered by attorneys basing the same upon the judge's own knowledge, but in such a case on appeal the value of such services is again reviewed by judges who have expert knowledge as to the reasonable value of legal services.

The testimony being undisputed in this case, that the services were worth $9 per day, judgment should have been rendered by the trial court for $2,205, and it was error for the court to have fixed the value thereof at $500.

2. During the trial it was brought out, that while the claimants were rendering services, they were receiving outdoor relief from Milwaukee county and were indebted to the county in a considerable sum for such relief supplied on

and off for a period of twenty years. Mr. Thuot, at the time the services were rendered to Gudde, was in ill-health and out of work by reason thereof.

The trial of the claim in this case commenced January 24, 1951, and one hundred sixteen pages of testimony were taken on that day. The trial court then informed counsel that he wanted Mr. Robert P. Russell, assistant corporation counsel of Milwaukee county, to be present to represent the county, and adjourned the case to the afternoon of the next day, January 25th.

On January 25th, when the case was again called, Mr. Russell was present representing the county, and he informed the court that he understood the Thuots were willing that any money allowed on their claim be turned over to the county of Milwaukee to apply on the county's claim. Mrs. Thuot had previously testified that she understood that any money the Thuots received on their claim would be payable to Milwaukee county. Some further testimony was taken and then the trial court announced his decision allowing the claim at $500 and that he would order payment to go to the county. Counsel for claimants then made this statement on the record:

"If the court please, with respect to any moneys that might be awarded to these people, it should go to them first and the county could step in and attach it."

Nevertheless, the trial court announced in his decision that the money should be payable to the county, except for $75 attorneys' fees which he allowed claimants' attorneys, and the judgment was entered accordingly.

There having been no order entered by the trial court making Milwaukee county part of the proceedings, it is unnecessary on this appeal to decide whether such an order would have been proper. It was clearly error for the trial court in the absence of such an order to direct payment of the

claim to be made to the county, and the new judgment required under the mandate should not so provide.

3. When the trial court announced that payment would be directed to be made to Milwaukee county, counsel for claimants also raised the objection that the attorneys' fees of counsel should first be deducted, and informed the court that they had a thirty-three and one-third contingent-fee contract with claimants. The trial court refused to recognize such contract and fixed the attorneys' fees of counsel for claimants at $75.

The court was in error in attempting to fix the attorneys' fees of claimants' counsel, for such question was outside the issues of the case being tried before the court. The fact that the Thuots were the recipients of outdoor relief did not prevent them from entering into a contingent-fee contract with the attorneys whom they engaged to file and litigate their claim against the estate.

4. Sec. 324.11, Stats., provides as follows:

"Costs may be allowed in all appealable contested matters in county court, excepting in jury trials, to the prevailing party, to be paid by the losing party or out of the estate as justice may require; and when costs are allowed they shall be taxed by the judge at the rates allowed in circuit court and upon like notice; but the attorney fees shall not exceed twenty-five dollars, and shall be allowed only when an attorney appears for the prevailing party. . . ."

This statute makes it discretionary with the trial court whether to allow costs to the prevailing party in a case of this nature, and there was no abuse of discretion on the part of the trial court in failing to allow costs to claimants.

*By the Court.*—Judgment reversed and cause remanded with the instructions to enter judgment in favor of the appellants in the sum of $2,205 in accordance with this opinion.