## SWEET *v.* SWEET
### No. 2695
March 10, 1926.                     243 P. 817.

1. DIVORCE.
   Where husband is forced to leave wife on account of her cruelty, she is chargeable with "desertion" within meaning of divorce statutes.

2. APPEAL AND ERROR—ON APPEAL FROM JUDGMENT, COURT CAN DETERMINE WHETHER THERE IS ANY EVIDENCE TO SUPPORT IT.
   On appeal from judgment, sufficiency of evidence cannot be considered, in view of Rev. Laws, 5328, but court can determine whether there is any evidence to support judgment.

3. DIVORCE—ADVERSE DECREE IN SUIT FOR DIVORCE FOR CRUELTY, IN WHICH DESERTION WAS NOT PLEADED, HELD NO BAR TO SUIT FOR DESERTION.
   Adverse decree in suit for divorce for cruelty, in which desertion was not pleaded, *held* no bar to later suit for desertion, where it appeared that cause of action for desertion had not ripened when prior action was commenced, since it is only where complainant fails to plead existing cause for divorce of which he has knowledge that decree denying it will bar subsequent suit.

4. JUDGMENT.
   One pleading former judgment as bar to present action must assume burden of proving subject matter of two suits identical, unless such fact appears from record.

See (1, 3) 19 C. J. secs. 116–117, p. 61, n. 92, 99; sec. 439, p. 178, n. 96 (new); (2) 4 C. J. sec. 2558, p. 666, n. 17; (4) 34 C. J. sec. 1225, p. 802, n. 6; sec. 1338, p. 935, n. 30; sec. 1509, p. 1067, n. 79.

APPEAL from Second Judicial District Court, Washoe County; *Geo. A. Bartlett,* Judge.

Action by William N. Sweet against Grace A. Sweet. Judgment for plaintiff, and defendant appeals. **Affirmed.**

*Ayres & Gardiner,* for Appellant:

In suit between same parties on same cause judgment is conclusive of all issues presented and every other matter within issues, whether considered or not. 15 R. C. L. 962–964.

This suit upon constructive desertion is not different from Connecticut suit upon cruelty. Constructive desertion is really legal fiction. It arose in state where cruelty is ground for separation, desertion for absolute divorce, and has no place here, where both causes are grounds for absolute divorce. To constitute constructive, desertion, conduct must be of such gravity as to be ground for divorce. 19 C. J. 61, n. 98; Van Dyke v. Van Dyke, 19 A. 1061; Vickers v. Vickers, 45 Nev. 274.

Full year's desertion must be shown. Time action is pending is not counted. Hurning v. Hurning, 83 N. W. 343; Gruner v. Gruner, 165 S. W. 865.

Refusal of sexual intercourse is not desertion but merely one element if it causes mental anguish and impairs health. Black v. Black, 47 Nev. 346; Kelly v. Kelly, 18 Nev. 49.

It is not necessary to appeal from order denying new trial. We do not ask new trial. Only requirement is that motion be made and determined. Rev. Laws, 5328; Gill v. Mng. Co., 43 Nev. 1. It would be strange requirement if litigant desiring only to reverse judgment and does not want new trial could get relief only by appealing from order denying motion for new trial.

Our motion for new trial was not based on Rev. Laws, 5322, subdivision 7, but on Rev. Laws, 5320, subdivision 6—insufficiency of evidence and that judgment is against law. As matter of fact, a brief argument was made, though common practice is not to make argument if to do so seems useless.

Of what use is statutory right to bill of exceptions upon appeal from judgment (Stats. 1923, 163) if it cannot be used at all? We did not offer it to disclose errors, but to present testimony to show its insufficiency and contrarity of judgment to law.

Contradictory statements in various sworn complaints cannot be excused because of change of counsel.

Opposed to Lister v. Lister, 111 Mass. 327, weight of authority is that misconduct causing separation is sufficient, after lapse of sufficient time, to charge offending spouse with desertion, where it constitutes ground for divorce. 19 C. J. 61; Van Dyke v. Van Dyke, supra.

Respondent's "much cited case directly in point," Rand v. Rand, does indeed support his contention, and is only case which does, but it is not mentioned in Shepherd's Citations, Keezer, or Bishop, but is sporadic case entirely ignored by later decisions.

*Platt & Sanford,* for Respondent:

By stipulation appeal from order denying motion for new trial was dismissed. However, so-called transcript on appeal, including testimony, was filed subject to be stricken.

Appellant's failure to file memorandum of errors prevents this court from considering them. Rev. Laws, 5322.

Very purpose of motion for new trial, to give court opportunity to correct errors, is nullified when movant submits mere pro forma motion without argument or attempt to convince court. Such motions are always summarily overruled.

Connecticut judgment is not bar. This suit is based on desertion, not cruelty. Cause did not and could not arise in Connecticut.

Black v. Black should be reversed, but nothing in it should preclude this court, in accordance with very respectable authority from holding that denial of intercourse by wife in good health, coupled with utter failure to perform household duties, which caused husband to leave home, constitutes constructive desertion.

Justifiable desertion may be based upon cruelty which would not warrant divorce. Keezer, Marriage and Divorce, 252; 9 R. C. L. 364.

Desertion may exist though both parties live under

same roof. Baker v. Baker, 195 P. 347. Party who intends to end cohabitation commits desertion regardless of who leaves home. Hudson v. Hudson, 51 S. 857.

Pendency of Connecticut proceedings did not interfere with running of statute. 9 R. C. L. 361; Easter v. Easter, 73 A. 30.

Former decree is not conclusive of matters not involved therein. *Wulke v. Wulke*, 183 N. W. 349.

Burbank v. Rivers, 20 Nev. 51, is conclusive that because appeal is from judgment only this court has no jurisdiction to consider alleged errors, and it outlines procedure invariably followed. It shows purpose of motion for new trial. Without appeal from order denying motion for new trial, order becomes final. That appellant does not want new trial does not justify him in departing from statutory method of taking appeal.

Effinger v. Effinger, 48 Nev. 208, settles question whether Burbank v. Rivers is sui generis, holding when right of trial by jury is given in divorce actions verdict is conclusive as in action at law and can be set aside only by granting new trial.

Findings support judgment. Judgment should be affirmed.

## OPINION

By the Court, SANDERS, J.:

1. This was an action for divorce brought by the husband upon the ground of willful desertion based upon alleged acts and conduct of the defendant damaging to the plaintiff's health, and which rendered cohabitation intolerable and unsafe. We shall not particularize the charges made in the complaint against the defendant. Suffice it to say that, after a hearing upon the pleadings and evidence, judgment was rendered in favor of the plaintiff because of the defendant's constructive desertion; that is to say, the acts and conduct of the defendant were such as to justify the plaintiff in leaving the home of the parties, and to confer upon plaintiff the right to obtain a divorce, upon the well-recognized principle that, where the husband or wife is forced to leave

the other on account of his or her cruelty, the offending spouse is chargeable with desertion within the meaning of the divorce statutes. 9 R. C. L. sec. 149, p. 362.

The defendant moved for a new trial upon the ground of the insufficiency of the evidence to justify the decision and that the decision was against law. The motion was overruled. The defendant gave notice of appeal from the order overruling said motion for new trial, but did not perfect her appeal. The case is here upon the defendant's appeal from the judgment.

2. The first question presented is one of practice. The bill of exceptions, duly certified and made a part of the record, is a transcript of the proceedings in the court below. Relying upon the provisions contained in section 386 of the practice act (section 5328, Revised Laws), counsel for appellant insist that this court may upon an appeal from a judgment review the evidence to determine whether it supports the judgment. Counsel for respondent object to our reviewing the evidence for this or any purpose, and insist that, the appeal having been taken from the judgment, we cannot pass upon the sufficiency of the evidence, and, unless the invalidity of the judgment appears upon the face of the judgment roll, the judgment must be affirmed. We agree with counsel for respondent to this extent—that we cannot consider the sufficiency of the evidence, because the appeal is from the judgment, and not from the order overruling the defendant's motion for new trial. We are of opinion, however, that, upon exceptions to a judgment, and upon appeal therefrom, we can examine the evidence to determine the legal question whether there is any evidence to support the judgment.

3. Upon an examination of the evidence we conclude that there is but one question with respect to the alleged invalidity of the judgment that is worthy of discussion. It appears from the answer of the defendant that the marital domicile of the parties was in the state of Connecticut; that the plaintiff brought a suit in that jurisdiction against the defendant for a divorce, upon the

ground of "intolerable cruelty." The suit was decided adversely to the plaintiff by the Supreme Court of Connecticut, and was dismissed pursuant to its order. Sweet v. Sweet, 118 A. 36, 97 Conn. 693. The plaintiff then left Connecticut, and came to Reno, Washoe County, Nevada. After residing there for the statutory period of six months, he commenced this action for a divorce upon the ground of willful desertion based upon alleged cruelties of the defendant of such nature as to compel the plaintiff to leave the defendant. The defendant denied the allegations of the complaint, and for a defense set up in her answer the former judgment as a bar or estoppel of the plaintiff's right to maintain this action for desertion.

The court's finding with respect to the issue of res judicata is as follows:

"That the right of plaintiff to a decree of divorce from the defendant on the ground of desertion cannot be barred by the Connecticut court action upon the ground that the cause of action alleged in the second amended complaint herein had accrued under the laws of Nevada prior to the commencement of the Connecticut action for 'intolerable cruelty'; the desertion cause not having ripened under the Connecticut laws at the time of instituting the latter proceeding."

The court's conclusion of law from this finding is as follows:

"That said Connecticut judgment is not a plea in bar and defense to the complaint of the plaintiff herein, or to the alleged cause of action for desertion set out in plaintiff's second amended complaint herein, nor a final or other adjudication of said cause of action herein."

4. It is held in numerous cases that the party pleading a former judgment as a bar to the present action must assume the burden of proving, if the fact does not appear from the record, that the subject matter or cause of action in the former suit was identical with that now in suit. 23 Cyc. 1534.

It is obvious that there is no identity between a cause

of action for a divorce for cruelty and a cause of action for divorce for desertion. They form separate and distinct issues governed and controlled by different rules of evidence, and each constitutes a separate and distinct statutory ground for divorce under the laws of both Connecticut and Nevada. The fact that the plaintiff's former suit for intolerable cruelty was dismissed for insufficiency of proof is no bar to the present action for desertion, even though the defendant's acts and conduct were of such nature as to cause the separation.

It is only where several causes of divorce exist to the knowledge of the complainant and a divorce is sought upon one ground only that a decree on the merits denying the petition is held a bar to a subsequent petition based on another of such existing causes. 9 R. C. L. sec. 165, p. 375. And so, when the plaintiff's original action for intolerable cruelty was dismissed for insufficiency of proof, the plaintiff could not maintain this action for desertion, if known to him when the first suit was brought, without showing a sufficient reason for its nonallegation in such suit. 9 R. C. L. sec. 165, p. 375. But it appears affirmatively from the pleadings, supported by the findings in this case, that the plaintiff's action for desertion had not ripened when the prior action was commenced. Consequently, the former judgment is no bar to this action either upon the ground that the causes of action are identical or that the causes of action existed and were known to the plaintiff when the original suit was brought.

We have examined the evidence to determine whether there is any legal evidence to support the judgment, and, being of opinion that there is, the judgment is affirmed.