It is to the proofs that the court must look in every event to determine the sufficiency of the findings and *Page 143 
judgment. Barnes v. Saborn, 10 Nev. 217, 248. On an appeal from the judgment only, the court may examine the record to determine whether there is any evidence to support the findings. Sheldon v. Powell, 31 Mont. 249, 78 P. 491, 107 Am. St. Rep. 429. The transcript of the proceedings, certified by the court reporter, was filed herein in lieu of a bill of exceptions, pursuant to the terms of section 1 of the act of March 8, 1923, Statutes 1923; p. 164. The court reporter's transcript of the proceedings, as provided by this act, may be filed in place of a bill of exceptions. An appeal may be taken from a judgment (section 5329 Rev. Laws) without moving for a new trial (section 5328 Rev. Laws). The limitation of time prescribed for the serving and filing of a bill of exceptions does not appear to be required for the court reporter's transcript. Nothing appears in this or any other section that limits consideration of evidence only to an appeal from an order denying a motion for new trial. That the court under the circumstances may examine the evidence to determine whether it sustains the findings and judgment is not only logical and right, but has been so determined by this court in Sweet v. Sweet, 49 Nev. 254, 258.
The above-entitled case is before this court on an appeal from the judgment — upon the judgment roll alone. This court in this case, in 50 Nev. 427, 265 P. 705, held "that the transcript as a bill of exceptions, not having been served and filed within the time required by the statute, cannot be considered by this court * * * and should be stricken." It is, therefore, manifest that there is no bill of exceptions, even considering the transcript of proceedings as and in lieu of the bill of exceptions, in the case at bar; and appellant is not authorized or justified in arguing or expecting the court to consider, upon the record now before the court, the evidence or any matter except that which appears upon the face of the judgment roll; and
Appellant does not even claim that there is error *Page 144 
upon the face of the judgment roll; therefore, upon and in accordance with all the decisions of this court, the judgment should be affirmed. Water Co. of Tonopah v. Tonopah Belmont Development Co., 50 Nev. 24, 249 P. 565, 566; State v. Boyle,49 Nev. 386, 248, P. 48; Bowers v. Charleston Hill Nat. Mines, Inc.,50 Nev. 104, 256 P. 1058, 1059; Giannotti v. DeBock, 47 Nev. 332,221 P. 520.
 OPINION
In this case we formerly ordered that the appeal from the order denying plaintiff's motion for a new trial be dismissed, and that defendant's motion to strike be granted. 50 Nev. 427,265 P. 705.
In the argument on this phase of the case it is not contended on the part of the plaintiff that it appears from the judgment roll alone that the judgment should be reversed. Counsel argued at length, however, that, upon authority of Sweet v. Sweet,49 Nev. 254, 243 P. 817, we can consider the evidence in the case.
We can find no merit in the contention made. The "Transcript of the Testimony and Proceedings" was stricken from the record on the former hearing, and, as no bill of exceptions was ever settled, there is no evidence before us to consider.
For the reason given, the judgment is affirmed. *Page 145