OPINION
Lucile Baugh Benson, a resident of Washoe County, made her last will at Reno on September 18, 1943, and died in that city October 21, 1943. The will contains the following provisions:
"3. I bequeath to my daughter, Mrs. Betty Benson Holsinger, the sum of $100.00 and all my silver, except such silver which I inherited from my mother.
"4. I bequeath to my sister, Mrs. Aline Baugh Newcomb, my property, both real and personal, in Kelso, Washington, such said bequest to be subject to any mortgage or indebtedness thereon. I further bequeath to my sister, Mrs. Arline Baugh Newcomb, all silver which I inherited from my mother and any residue of my estate after bills are paid and other bequests are satisfied.
"5. I bequeath to my friend, Miss Ruth Runhke, my clothing, any weaving apparatus in my possession, and my automobile.
"6. I direct that certain personal possessions, such as oil paintings, pictures, and the like, be distributed to *Page 378 
my friends in keeping with instructions which I have verbally given to Mrs. Emily C. Ross."
Respondent was nominated to be the executrix of the will, and was appointed and qualified as such.
In due course of administration executrix filed her first and final account, report and petition for distribution, praying that the account be approved and that the estate be distributed pursuant to the will.
Appellant filed objections to said account, report and petition. A trial was had before the district court, sitting without a jury, and that court approved executrix's account and report, disallowed each and every objection interposed by appellant, and decreed distribution as prayed in the petition. Appellant was directed to return to decedent's apartment or to executrix certain personal property which had theretofore been taken from said apartment. The order and decree contained these further provisions:
"The court finds that there is no personal property to be distributed pursuant to Paragraph 6 of the Last Will and Testament of the deceased, the deceased having personally disposed of her personal possessions contemplated by said paragraph by gift prior to her death, and that there is and will be no personal possession of the deceased upon which said paragraph of said Will shall operate;
"That the executrix distribute to Mrs. Arline Baugh Newcomb, as residuary legatee, any and all other property and effects of the deceased which may be in her possession;
"It is further ordered, adjudged and decreed that any other property not known or discovered which may belong to said estate or in which the said estate may have an interest be distributed by the executrix in accordance with the provisions of the Last Will and Testament of the deceased."
1. Appellant did not move for a new trial in the lower court, and it is respondent's contention that she *Page 379 
is therefore in no position to ask this court to consider whether the evidence was sufficient to support the order and decree appealed from. We are limited, says respondent, to the consideration of alleged errors appearing in the judgment roll. Appellant concedes that formerly, in certain cases, a motion for a new trial was a prerequisite to a request to have this court pass upon the sufficiency of the evidence. But she contends that this is no longer the law of this state, in view of sec. 8 of the 1937 new trials and appeals act, which reads: "Any party aggrieved may appeal from the final judgment rendered in any action, case or proceeding prescribed in this act with or without first moving for a new trial." Stats. of Nev. 1937, chap. 32, p. 55, 2 N.C.L. Supp. 1931-1941, p. 1249, sec. 9385.58. This precise point was decided adversely to appellant's contention in Snyder v. Garrett, 61 Nev. 85, 115 P.2d 769.
2, 3. It is stated in appellant's closing brief that on appeal from a judgment, even if the sufficiency of the evidence cannot be considered where there has been no motion for a new trial, this court can nevertheless determine whether there isany evidence to support the judgment. It was so stated in Sweet v. Sweet, 49 Nev. 254, 258, 243 P. 817. This point was not made the basis for any of appellant's objections in the lower court. It is raised for the first time on this appeal. The contention is that a $500 oil painting was referred to in paragraph 6 of the will, and that there is no evidence in the record that it was disposed of by decedent prior to her death. Mrs. Ross, executrix, who is the Emily C. Ross named in said paragraph 6, testified as follows:
"MR. SUMMERFIELD: Q. In paragraph 6 of the will, it is provided: `I direct that certain personal possessions, such as oil paintings, pictures, and the like be distributed to my friends in keeping with instructions which I have verbally given to Mrs. Emily C. Ross.' Is there any property for that paragraph of the will to operate on? A. None at all, because Mrs. Benson, *Page 380 
before she died, gave them to the people she wanted to have them.
"Q. This will was made September 18, 1943, and she died — do you recall the date? A. I think it was the 21st of October, 1943.
"Q. At the time she made this will, she had told you the disposition she wanted made of the various articles; is that correct? A. It is correct.
"Q. Before her death she practically gave all of those articles away, did she not? A. She did.
"Q. And there is no property for that section of the will to operate on? A. None at all."
Certainly this is some evidence that the property mentioned in said paragraph 6 was given away by Mrs. Benson in her lifetime. Counsel for appellant, on cross-examination, did not question Mrs. Ross about the valuable oil painting. In response to her own counsel, she testified that she knew nothing about certain items, more than twenty in number, claimed by Mrs. Newcomb to belong to the estate but not to have been located, including a "Painting — valued at $500.00, a western scene." If the question as to the sufficiency of the evidence relating to this oil painting had been properly presented to the lower court on motion for a new trial, this court, on appeal from an adverse ruling on such motion, would consider the matter more fully.
4. Appellant maintains that paragraph 6 of the will is invalid, and assigns a number of reasons in support of that view. We do not perceive that it is of any consequence whether said paragraph is valid or not because, as we have seen, the trial court expressly found that all the property referred to therein had been given away by Mrs. Benson before she died. There was some evidence, at least, to support this finding, and in the absence of a motion for a new trial this court will not consider the question of its sufficiency.
5. Appellant questions the propriety of that portion of the order and decree directing her to return certain *Page 381 
specified articles to decedent's apartment or to the executrix. We are not disposed to consider this question, in view of the fact that it is raised for the first time in appellant's closing brief.
6. The last paragraph of the lower court's order and decree provides that "any other property not known or discovered which may belong to said estate or in which the said estate may have an interest be distributed by the executrix in accordance with the provisions of the Last Will and Testament of the Deceased." According to appellant the wording of this part of the decree should have been "to the persons who by law are entitled," not "in accordance with the provisions of the Last Will." But in view of the fact that all property referred to in paragraph 6 of the will was disposed of by testatrix during her lifetime, it seems clear that any property not known or discovered goes to appellant under the provisions of paragraph 4 of the will, and she therefore cannot complain about the wording of the last paragraph of the decree.
The order and decree appealed from are affirmed.