MONITOR PIPE AND STEEL COMPANY, JACK DILL, Appellant, *v.* FLANIGAN WAREHOUSE COMPANY, FRED SHAIR, HARRY COWDEN, Respondents.

No. 3454

September 24,.1946.                    172 P. 2d 846.

*Sidney Fox,* of Reno, for Appellants.

*Charles L. Richards,* of Reno, for Respondent Harry Cowden.

*Charles M. Merrill* and *John E. Robinson,* both of Reno, for Respondents Flanigan Warehouse Co. and Fred Shair.

## OPINION

By the Court, TABER, C. J.:

Plaintiff brought this action in the Second judicial district court, Washoe County, to recover the possession of certain personal property, to establish his ownership and rights to the possession of certain personal property, and for damages. After trial without a jury, the court rendered and entered judgment in favor of defendants and against plaintiff, who has appealed from the "judgment and decision," and from the whole of said "judgment and decision." No motion for a new trial was made.

On February 5, 1946, counsel for all parties signed the following stipulation: "It is hereby stipulated, that the annexed and foregoing bill of exceptions and record on appeal, consisting of copies of Pleadings and evidence and a deposition taken in the above entitled Cause, be, and the same hereby are settled and allowed, and shall become the bill of exceptions and record on appeal in said Action, and we do hereby certify that said bill of exceptions and record are true and correct, and contain the substance of the pleadings, evidence and testimony available, relating to the point or points involved in the above entitled action, and the same has been and hereby is settled and allowed." Said "Bill of Exceptions and Record on Appeal" was filed in this court as one document on February 6, 1946. It includes a copy of the judgment roll.

Appellant filed his opening brief on appeal February 21, 1946. On March 30, 1946, respondent Harry Cowden noticed motions for orders of this court (1) striking the bill of exceptions, (2) striking the judgment roll, and

(3) dismissing the appeal. These motions have been presented, and are now before the court for its determination.

Movent does not claim that appellant has failed to comply with any statutory requirement in perfecting his appeal. His main contention is, that as plaintiff made no motion for a new trial in the lower court, this court should not consider or review the evidence for any purpose.

Appellant does not question the well-settled rule that when there has been no motion for a new trial, the supreme court will not inquire into the sufficiency of the evidence to support the trial court's findings. He expressly admits that he is in no position to question its sufficiency on this appeal. He does maintain, however, that on appeal from the judgment alone this court may examine the evidence to determine the legal question whether there is a total failure of proof to support the judgment. In support of this contention he cites Sweet v. Sweet, 49 Nev. 254, 258, 243 P. 817; Richards v. Steele, 60 Nev. 66, 70, 71, 99 P.2d 641, 100 P.2d 72; and In re Benson's Estate, 62 Nev. 376, 379, 151 P. 2d 762.

Appellant says he has taken this appeal "essentially on the basis that he is questioning the sufficiency of the judgment in the light of the pleadings in the case and in the light of the issues made by those pleadings." It is his contention that the findings of fact and conclusions of law do not conform to the pleadings and do not settle the issues made by them; nor, he says, do they settle the most important question of law involved in the case, as pointed out in his opening brief.

Bills of exceptions are sometimes properly stricken on motion as, for example, in Lewis et al. v. Williams, 61 Nev. 253, 123 P. 2d 730, 125 P. 2d 305. But whether the bill in the instant case is superfluous and of no value, as movent contends, and whether anything in it is useful on this appeal, are questions which we think should be determined on the appeal proper.

All the cases cited by movent were so determined; he has cited no authority in which such questions as he raises here were presented or decided on motion.

■ The papers making up the judgment roll in this case are incorporated in the bill of exceptions. This procedure is expressly authorized by sec. 42 of the New Trials and Appeals Act, Stats. of Nev. 1937, chap. 32, at p. 67, sec. 9385.92 N. C. L., 1929, Supp. 1931–1941, vol. 2, p. 1263. We see no merit in movent's contention that the judgment roll should be stricken as being "of no value because the appeal is from the judgment alone," and no authorities are cited in support of that view. What consideration, if any, should be given the judgment roll is a question to be disposed of on the appeal.

■ Nor do we think the motion to dismiss the appeal should be granted. Whether, as movent contends, there is nothing before the court that can be considered on the appeal, is a question more properly to be considered on the appeal than on motion; and no authorities to the contrary have been cited.

Movent will have full opportunity, on the appeal, to endeavor to show that the contentions advanced on these motions are sound, and to present such other reasons as he may be advised in support of his request that the judgment appealed from be affirmed.

All the motions are denied; respondent Harry Cowden is given to and including October 14, 1946, within which to serve and file his answering brief on the appeal, and appellant is given to and including November 4, 1946, within which to serve and file his reply brief.

HORSEY, J., concurs.

EATHER, J., did not participate.