FLOY EMILY BROWNFIELD, APPELLANT, *v.* F. W. WOOLWORTH CO., A CORPORATION ORGANIZED AND EXISTING UNDER THE LAWS OF THE STATE OF NEW YORK, RESPONDENT.

No. 3699

April 14, 1952.                                    242 P.2d 810.

See also, 69 Nev. ......, 248 P.2d 1078, 69 Nev. ......, 251 P.2d 589.

*Clyde D. Souter,* of Reno, for Appellant.

*Woodburn, Forman and Woodburn,* and *Gordon R. Thompson,* all of Reno, for Respondent.

## OPINION

By the Court, BADT, C. J.:

Floy Emily Brownfield, appellant, filed her complaint in the court below April 19, 1951, for damages for personal injuries resulting from a fall in respondent's store caused by defendant's negligence. Issue was joined, the case was tried to the court without a jury, and judgment was entered in favor of plaintiff and against defendant for $1,233.20. Of this sum $233.20 was for special damage by way of doctor's and hospital charges. The court made findings, to which no objections or exceptions were taken by appellant. The defendant neither sought a new trial nor appealed. Plaintiff, without seeking a new trial, appealed from the judgment, upon the judgment roll alone, asserting in her notice of appeal that it was taken "on the ground that the damages awarded to the plaintiff, pursuant to the terms of said judgment, are inadequate in the light of said judgment and the findings of fact made by said court."

In support of its motion to dismiss the appeal, respondent contends (1) that the error complained of may not be considered on an appeal from the judgment

but only on appeal from an order denying new trial, and that the appeal has accordingly not been perfected, and (2) that no error affirmatively appears on the face of the judgment roll. In support of the first ground respondent refers to our statutes on new trial and appeal and cites a number of cases from this court and from the Supreme Court of California dealing primarily with the necessity of a motion for new trial before this court may consider the sufficiency of the evidence to justify the verdict of the jury or the decision of the court. In support of the second ground respondent suggests that an examination of the findings and the judgment will disclose no error appearing on the face of the judgment roll and that for such reason the appeal must be dismissed.

As to the law expressed in the first ground, appellant points out that she does not attack the findings or the sufficiency or insufficiency of the evidence. She insists however that the findings themselves indicate that the court in entering judgment failed to give legal force or effect to such findings, thus laying before us the issue raised in the second ground of respondent's motion. She bases her position upon the provisions of sec. 9385.64, N.C.L.1931–1941 Supp., reading in part as follows: "When a party desires to appeal on the ground that the * * * judgment * * * is contrary to the findings, the appeal may be taken upon a copy of the judgment roll which includes the findings, * * * if the appeal is from a judgment; * * *"

It is manifest that the opposing contentions of the parties upon the motion to dismiss the appeal present a question more properly to be considered on the appeal than on such motion. This is clear from the very assertions contained in respondent's motion, namely, that the findings *do* support the judgment, and that the judgment roll does *not* disclose any error. Respondent will still have opportunity on the appeal from the judgment to assert these, as well as other points, in support of its

contention that the judgment should be affirmed. Monitor Pipe & Steel Co. v. Flanigan Warehouse Co., 63 Nev. 449, 172 P.2d 846; In re Devincenzi's Estate, 64 Nev. 455, 183 P.2d 831.

The motion to dismiss the appeal is denied. Appellant has filed her opening brief on the merits. Respondent may have 15 days from receipt of a copy of this opinion within which to file its answering brief.

EATHER and MERRILL, JJ., concur.