RELIANCE INSURANCE COMPANIES, Inc., Plaintiff,

v.

ALASKA STATE HOUSING AUTHOR-ITY, Defendant and Third-Party Plaintiff,

v.

FIRST NATIONAL BANK OF FAIR-BANKS, Third-Party Defendant.

No. F–11–70.

United States District Court,
D. Alaska.

Feb. 19, 1971.

Stephen S. DeLisio, of Merdes, Schaible, Staley & DeLisio, Fairbanks, Alaska, for plaintiff.

Russell J. Gallagher, Gen. Counsel, Alaska State Housing Authority, Anchorage, Alaska, for defendant and third-party plaintiff.

Charles J. Clasby, Fairbanks, Alaska, for third party defendant.

## MEMORANDUM AND ORDERS

VON DER HEYDT, District Judge.

The facts are these.

On January 4, 1967, Alaska State Housing Authority (hereinafter known as ASHA), defendant and third party plaintiff, entered into a contract known as P–228, with N & N Corporation (hereinafter known as N & N), of Fairbanks, Alaska, for the construction of the Tok Multipurpose Room Addition. Pursuant to AS 36.25.010, Reliance Insurance Companies, Inc. (hereinafter known as Reliance), plaintiff, became surety on certain payment and performance bonds in connection with Contract P–228. N & N was the principal and ASHA was the obligee of these bonds.

On May 26, 1967, an assignment was executed by N & N designating First National Bank of Fairbanks (hereinafter known as First National), third party defendant, as assignee, and transferring to First National all rights, title and interest in all and to all progress payments now and thereafter due and owing to N & N under Contract P–228. This assignment was not given to secure loans in connection with Contract P–228. Reliance was sent a Notice of Assignment from N & N which Reliance acknowledged. However, in the acknowledgement Reliance stated "Acknowledgement of the receipt of this notice of assignment is made with full reservation of all the surety's rights."

On December 14, 1967, N & N was unable to meet its obligation under Contract P–228 in that it could not pay the laborers, materialmen and suppliers who furnished labor and material in connection with the Tok addition. At this time, there was due and owing $13,143.-81 from ASHA, to N & N, under Progress Estimate No. 10 on Contract P–228.

Plaintiff, Reliance, notified ASHA on December 14, 1967, of N & N's inability to continue. On the same day N & N revoked its prior assignment to First National and made an assignment to Reliance of all monies earned or to be earned from ASHA. Reliance notified ASHA on December 14 of this assignment and explained that Reliance was taking over the work of N & N under Contract P–228. Reliance also demanded that ASHA pay all amounts due and owing from ASHA to N & N under Progress Estimate No. 10.

On December 26, 1967, ASHA notified Reliance that payment of Progress Estimate No. 10 would be withheld until a determination was made as to whether Reliance or First National was entitled to receive the proceeds. But, on December 28, a disbursing officer of ASHA mistakenly mailed to First National a check in the amount of $13,143.81 under Progress Estimate No. 10 on Contract P–228. When the error was discovered, ASHA requested that First National return the money. First National refused.

Plaintiff, Reliance, has undertaken and completed performance under Contract P–228. Payments have been made for all amounts due laborers, materialmen and suppliers who furnished labor and material in the construction of the Tok addition.

Plaintiff, Reliance, then brought this action seeking payment of Progress Estimate No. 10 from ASHA. Reliance claims to have expended in the completion of the contract $102,747.35, while receiving in the form of progress estimates Nos. 11, 12 and 13 only $61,877.90. Defendant ASHA as third party plaintiff moved to bring in First National as a third party defendant. ASHA's motion was granted.

ASHA moved for summary judgment against First National and has moved to dismiss plaintiff, Reliance's, cause of action. Reliance subsequently moved for summary judgment against ASHA. The Court will consider ASHA's motion to dismiss and Reliance's motion for summary judgment concurrently as both center upon the issue of whether Reliance or First National possesses a supe-

rior right to the progress payment of $13,143.81.

■ It is well established that a surety who completes a contract or who satisfies the claims of laborers and materialmen has a superior equitable interest over one who made a loan to the contractor of monies which did not have to be applied to the construction contract. The surety, in such cases, has established a subrogation right to those funds retained by the obligee containing retained percentages. Pearlman v. Reliance Ins. Co., 371 U.S. 132, 83 S.Ct. 232, 9 L.Ed.2d 190 (1962), Henningsen v. U. S. Fidelity & Guaranty Co., 208 U.S. 404, 28 S.Ct. 389, 52 L.Ed. 547 (1908), Prairie State Nat. Bank v. United States, 164 U.S. 227, 17 S.Ct. 142, 41 L. Ed. 412 (1896).

■ In the case at bar, Reliance has satisfied the claims of all the laborers and materialmen and has completed the construction of the Tok addition in conformity with the payment and performance bonds as required by the surety agreement. Under these circumstances, Reliance would normally have established a superior equitable interest as to monies withheld by ASHA, as First National's assignment agreement with N & N was not given to secure loans in connection with Contract P–228. Furthermore, the fact that N & N unilaterally revoked its assignment to First National on December 14, 1967, is of no consequence as a surety's right of subrogation relates to the surety agreement itself. The contractor or principal of the surety agreement cannot give an assignee a greater right in a retained percentage than that given the surety so long as the surety performs under the agreement. Prairie State Nat. Bank v. United States, 164 U.S. 227, 17 S.Ct. 142, 41 L.Ed. 412 (1896).

However, it must be noted that the case at bar is concerned with a "progress payment" rather than a "retained percentage". It is third party defendant, First National's, contention that this factor distinguishes this case from those holding that the surety has superior or equitable rights over the assignee. It is urged that at the time of N & N's default, ASHA owed to N & N monies due and owing under Progress Estimate No. 10. These were monies that had become due and payable to N & N for work which N & N had completed on the Tok Construction. They were not a retained percentage held as a security for performance of N & N's obligations to ASHA.

First National cites the case of General Casualty Co. v. Second National Bank of Houston, 178 F.2d 679 (5th Cir. 1950) to support its position. *General Casualty* holds that the assignee and not the surety is entitled to money owed to the contractor for completed construction. It was the court's position that the contractor had the right to assign to the assignee prior to default progress payments which were due. The court also stated that the surety could have no prior lien on such funds as would have existed on a percentage retained from each payment.

Reliance argues that it makes no difference whether the monies are progress payments or retained percentages. Reliance cites Standard Acc. Ins. Co. v. Federal Nat. Bank, 112 F.2d 692 (10th Cir. 1940). That court held that those monies in the hands of the contractee at the time of default, whether retained percentages or earned payments, were available to reimburse the surety for payments made to laborers or materialmen in the completion of the contract.

■ This Court previously has considered this issue in the cause Glens Falls Ins. Co. v. First National Bank of Fairbanks No. F–27–65 Civil (U.S.D.C. Alaska). In *Glens Falls* the surety had assumed and completed the principal's contract and claimed from the United States monies due and payable to the contractor in the way of a progress payment at the time of default. The assignee in F–27–65 Civil, First National Bank of Fairbanks, had also made claim to the progress payment. The Court,

without opinion, granted the surety Glens Falls Insurance Company's claim to the progress payments. This is the better rule and that followed by the majority of courts today. *See, e. g.*, Industrial Bank of Washington v. United States, 138 U.S.App.D.C. 19, 424 F.2d 932 (1970); National Shawmut Bank of Boston v. New Amsterdam Casualty Co., 411 F.2d 843 (1st Cir. 1969). A surety who completes a contract or satisfies the claims of laborers and materialmen has established a subrogation right to all funds, progress payments, or retained percentages, which are in the hands of the contractee. Reliance's right of subrogation relates to the execution of the surety agreement. Reliance stands in the position of the principal, N & N, and to give full effect to the purpose of the surety agreement it is correct that those funds in the nature of progress payments be made available to satisfy the claims of the laborers and materialmen.

Therefore, it is ordered that:

1. The motion of Plaintiff Reliance Insurance Company, Inc. for summary judgment is granted, and plaintiff's claim to the funds in controversy is adjudicated superior and prior to that of the third party defendant, First National Bank of Fairbanks, assignee of N & N Corporation.

2. The motion of defendant, third party plaintiff, Alaska State Housing Authority, to dismiss plaintiff's action is denied.

There remains for determination ASHA's motion for summary judgment against First National. It is ASHA's contention that First National is holding Progress Payment No. 10 illegally as such payment was from public funds, and was paid by mistake to First National. Payment of public monies by public officers under mistake of fact or mistake of law can be recovered by the public entity. *See, e. g.*, Bateson Co. v. United States, 308 F.2d 510, 514 (5th Cir. 1962); State v. Continental Baking Co., 72 Wash.2d 138, 431 P.2d 993, 996

(1967); State ex rel. Callaway v. Axtell, 74 N.M. 339, 393 P.2d 451, 454 (1964).

Therefore, it is further ordered that:

1. The motion of defendant Alaska State Housing Authority for summary judgment against First National is granted, and,

2. First National Bank of Fairbanks is ordered to refund to Alaska State Housing Authority Progress Estimate No. 10 in the amount of $13,143.81.

3. Said refund shall be made within 30 days of the date of this order.

4. Prevailing counsel shall prepare forthwith appropriate judgment forms.