J. LAMARR BENNETT AND ANILDE A. BENNETT, APPELLANTS, *v.* FIDELITY & DEPOSIT COMPANY OF MARYLAND, RESPONDENT.

No. 13568

October 29, 1982                              652 P.2d 1178

*Nitz & Schofield, James H. Walton,* Las Vegas, for Appellants.

*Jack J. Pursel,* Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

This appeal results from a judgment awarding $9,428 to respondent under a construction contract. We affirm.

In 1975, appellants entered into a contract with Benefield Construction Company, Inc. (Benefield), wherein Benefield agreed to build a Pizza Inn Restaurant for the sum of $94,280. The agreement provided for a 10 percent retainage of the contract price ($9,428), to be paid after final inspection and the issuance of lien waivers to appellants. In addition, respondent Fidelity & Deposit Company of Maryland (Fidelity) and Benefield entered into a labor and material payment bond as well as a performance bond. Both of these bonds inured to the benefit of appellants to assure that all claims for labor and material would be paid and that the contract would be performed.

By December, Benefield had substantially performed its obligations under the construction contract. However, a dispute arose between Bennett and Benefield as to the total amount of the latter's entitlement. Benefield claimed, and appellants denied, that an additional $22,716.44 was owed for "extras." Benefield thereafter filed a mechanic's lien against the property for the cost of the extras. Several subcontractors also filed mechanic's liens against appellants' property for sums they insisted were due them but had not been paid by Benefield.

Eventually one of the subcontractors brought an action against Benefield and Bennett alleging non-payment for goods supplied. Appellants filed their answer together with a third party complaint against Fidelity. Appellants also cross-claimed against Benefield for indemnity and to have Benefield's claims for the extras as well as its mechanic's lien declared to be discharged and released.

Appellants obtained a default judgment against Benefield which disposed of the claim for extras and the mechanic's lien. In addition, the district court awarded appellants $4,000 in attorney's fees. Thereafter, Fidelity continued to pay and discharge all lien claims against the property, the last of which was not satisfied until 1979. After the lien claims were resolved, and without knowledge of the $4,000 judgment, Fidelity made an offer of judgment in the amount of $1,878.95 to cover appellants' attorney's fees. The offer was accepted by appellants. Fidelity paid the $1,878, and then demanded the 10 percent retainage of $9,428 held by appellants. After appellants refused to relinquish the money, Fidelity brought suit to recover the retained amount. The district court entered judgment against appellants for the entire amount of the retainage.

On appeal, appellants contend that Fidelity is foreclosed from collecting the retainage by reason of the default judgment entered against Benefield. It is further argued that any claim for the 10 percent is barred by the doctrines of res judicata and collateral estoppel and should have been brought as a compulsory counterclaim in the prior action between the parties. Appellants' positions are without merit.

Appellants' argument, that the default judgment entered against Benefield adjudicated any claim that Benefield, and, by right of subrogation, Fidelity, had against appellants for the retained amount, is not supported by the record. Our review of the record reflects that the default judgment dealt only with Benefield's mechanic's lien and its claim for $22,000 worth of extras. The default judgment had nothing whatsoever to do with the amount retained by appellants pursuant to the written contract. We conclude, therefore, that Fidelity is entitled to the amount retained by appellants since the subrogation right attaches to retained percentages. "A surety who completes a contract or satisfies the claims of laborers and materialmen has established a subrogation right to all funds, progress payments, or retained percentages, which are in the hands of the contractee." Reliance Insurance Co. v. Alaska State Housing Authority, 323 F.Supp., 1370, 1373 (D.C.Alaska 1971). In addition, if we were to accept appellants' argument, appellants would be unjustly enriched in that they have already accepted the completed building without having paid 10 percent of the contract price. Since equitable principles apply to subrogation, we cannot permit such enrichment. *See,* May Trucking Co. v. International Harvester Co., 543 P.2d 1159 (Idaho 1975).

Appellants also contend that Fidelity's claim for the retained

10 percent is barred by the doctrines of res judicata and collateral estoppel. Bernhard v. Bank of America Nat. Trust & Sav. Ass'n, 122 P.2d 892 (Cal. 1942), is a landmark case on the doctrine of res judicata. We approved the *Bernhard* decision for Nevada in the case of Paradise Palms v. Paradise Homes, 89 Nev. 27, 505 P.2d 596 (1973), *cert. denied,* 414 U.S. 865 (1973). In the latter case, we held that the *Bernhard* decision is "equally applicable to the doctrine of collateral estoppel."

In *Bernhard,* Justice Traynor stated:

> In determining the validity of a plea of res judicata three questions are pertinent: Was the issue decided in the prior adjudication identical with the one presented in the action in question? Was there a final judgment on the merits? Was the party against whom the plea is asserted a party or in privity with a party to the prior adjudication?

Here appellants have not satisfied the *Bernhard* test in that the issue decided in the prior action is not identical with the issue before this Court. As noted above, the default judgment against Benefield involved only the validity of the mechanic's lien and the claim for $22,000 worth of extras upon which it was based. There was never a final judgment on the merits adjudicating the rights of the parties as to the retained amount. The party raising the doctrine of res judicata has the burden of proving that the subject matter in the former suit was identical with that now before the court. Sweet v. Sweet, 49 Nev. 254, 243 P. 817 (1926). In the instant case, appellants have not met the burden, thus Fidelity's claim for the retained 10 percent is not barred by the doctrines of res judicata and collateral estoppel.

■■■■

Additionally, at the time Fidelity filed its answer in the former case, its claim for the retained amount had not matured. Under the terms of the written contract, the final 10 percent of the contract price would not be paid until all lien claims had been satisfied. At the time of the prior action, all lien claims had not been satisfied. Therefore, the claim to the retained amount arose subsequent to the former suit. "Where claims arise at different times out of the same transaction, a judgment as to one or more of such claims is no bar to a subsequent action on the claims arising thereafter." Round Hill Gen. Improvement v. B-Neva, 96 Nev. 181, 606 P.2d 176 (1980).

Having concluded that any claim for the retained amount had not as yet matured at the time of the earlier action, we also reject appellants' contention that the present action is barred

by NRCP 13(a).[1] The general rule is that a claim must have matured before it will be subject to the compulsory counter-claim rule. O'Brien v. Scottsdale Discount Corporation, 482 P.2d 473 (Ariz.App. 1971). Accordingly, Fidelity could not have made a claim to the retained amount in the prior adjudication because not all of the lien claims had been satisfied.

Finally, it is argued that if Fidelity prevails on appeal, appellants should at least be entitled to offset the $4,000 awarded in attorney's fees in the prior default judgment. Appellants fail to cite any authority for this position. Therefore, we need not consider appellants' contention. Plankinton v. Nye County, 95 Nev. 12, 588 P.2d 1025 (1979); Werner v. Shoshone Coca-Cola Bottling Co., 91 Nev. 286, 535 P.2d 161 (1975). Furthermore, such a contention is without merit since appellants accepted an offer of judgment in the sum of $1,878.95 from Fidelity in full settlement of their claim for attorney's fees.

We affirm the lower court's judgment.

---

[1]NRCP 13(a) provides in pertinent part:

A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction.