ROGER DIELEMAN, Appellant, *v.* STEVE SENDLEIN, Respondent.

No. 14460

October 20, 1983                                    670 P.2d 578

[Rehearing denied January 24, 1984]

*Cromer, Barker, Michaelson, Gillock & Rawlings,* Las Vegas, for Appellant.

*Gang and Berkley,* Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

This is an appeal from a judgment of the district court ordering the partition of a 120-acre parcel of real estate located in Lincoln County. The appellant seeks reversal on the grounds (1) that there is insufficient evidence in the record to support the district judge's ruling and (2) that the court erred in not referring the matter to three masters as prescribed in NRS 39.120.[1] We reject appellant's contentions and affirm the judgment of partition.

### SUBSTANTIAL EVIDENCE

Appellant Dieleman filed a complaint to quiet title to the property, the subject of this action. Respondent Sendlein answered the complaint and counterclaimed, seeking partition of the property, predicated upon an oral partnership between the parties. The trial judge found that the parties were partners and that they held the property as tenants in common. The judge then, after receiving testimony of the value of the property, partitioned it without objection, between the litigants.

Appellant's principal contention is that there was insufficient evidence to support the trial court's finding that the parties had entered into a partnership. We laid down the rule in 1950: "[T]here is no one exclusive test, . . . no single arbitrary test is conclusive, . . . the relationship depends upon the intention of the parties and . . . every case must stand upon its own merits." Las Vegas Machine & Engineering Works v. Roemisch, 67 Nev. 1, 9, 213 P.2d 319, 323 (1950). Whether an oral partnership has been entered is a question of fact. Las

---

[1]NRS 39.120 provides in pertinent part:

[U]pon the requisite proofs being made, it [the court] shall order a partition according to the respective rights of the parties, as ascertained by the court, and appoint three masters therefor; . . . .

Vegas Machine, 67 Nev. at 12, 213 P.2d at 324; Botsford v. Van Riper, 33 Nev. 156, 197, 110 P. 705, 713 (1910).

The trial judge heard undisputed evidence that the parties each paid half the purchase price of the 120-acre parcel. Each party contributed money and services to securing and developing the land. Several persons testified that the parties referred to each other as partners, and to the land as partnership property. Although this testimony was not uncontradicted, it was for the trier of fact to resolve conflicts in the evidence and judge the credibility of witnesses. NRCP 52(a); Sherman Gardens Co. v. Longley, 87 Nev. 558, 562, 491 P.2d 48, 51 (1971). We find that the record contains substantial evidence to support the judge's finding that a partnership did exist.

## THE THREE MASTERS

Appellant has raised this objection for the first time in his reply brief. He suggests that a failure to appoint three masters to make the partition requires reversal. NRS 39.120 (*see* footnote 1 *supra*). We disagree.

We view the purpose of the statute as protection for the litigants. The court cannot dispense with that protection absent the express or implied consent of the parties. *Cf.* Godfrey v. Gilsdorf, 86 Nev. 714, 719, 476 P.2d 3, 6-7 (1970) (error in statutorily required form of replevin judgment, *see* NRS 17.120, waived through implied consent of parties). But when the parties undertake to litigate the matter pursuant to an agreed procedure, as in the instant case, and the court disposes of it accordingly, the court does not violate the statute.[2]

Judgment affirmed.

---

[2]Appellant made no objection to the judge's partition until his reply brief. In Re Benson's Estate, 62 Nev. 376, 381, 151 P.2d 762, 764 (1944); *see also* Old Aztec Mine, Inc. v. Brown, 97 Nev. 49, 52-53, 623 P.2d 981, 983-984 (1981).