# United States Court of Appeals

### For the Eighth Circuit

_____

No. 13-1402

_____

Capital Promotions, L.L.C., a Limited Liability Corporation

*Plaintiff - Appellant*

v.

Don King Productions, Inc.

*Defendant - Appellee*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: August 19, 2013
Filed: August 22, 2013
[Unpublished]

_____

Before SMITH, BOWMAN, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Capital Promotions, LLC (Capital), appeals the district court's[1] adverse grant of summary judgment in its diversity action. Based on the following, we conclude that summary judgment was proper.

On February 4, 2000, Capital and professional boxer Walter Tyeson Fields entered into a Promotional Rights Agreement (PRA) granting Capital exclusive promotion rights for Fields's fights. Capital promised to promote at least four fights a year; and if Fields missed a scheduled fight because of injury, Capital could extend the PRA's five-year term for the amount of time he was injured. Fields won fights in September and December 2003, but for disputed reasons did not receive all the money he was owed under the PRA. He suffered a serious head injury in 2004 and was unable to fight for about six months. Capital informed Fields's manager and his attorneys that it was exercising its right to extend the PRA. Capital promoted a fight for Fields in October 2004, and planned his next fight for February 25, 2005. Fields and his manager instead entered into a bout agreement on February 3 with Don King Productions, Inc. (DKP), and participated in a DKP-promoted fight on February 5.

Fields initiated in Nevada an arbitration claim for breach of the PRA. The arbitrator concluded, as relevant, that the PRA's term was extended by six months due to Fields's 2004 injury; that Capital breached the PRA by not promoting a second fight in 2004, and by not promoting two fights from February to August 2005; that Fields was thus entitled to payment under the PRA for the three missed fights; and that Capital did not properly assert any counterclaims against Fields, including its allegation that Fields breached the PRA by participating in the February 5 fight. A Nevada state court affirmed the arbitration award.

---

[1]The Honorable Henry E. Autrey, United States District Judge for the Eastern District of Missouri.

Capital filed suit against DKP in federal court, claiming that DKP intentionally interfered with the PRA. The district court concluded that Capital's claim was barred by the Nevada arbitration award, and granted DKP's motion for summary judgment.

On de novo review, see Payne v. Grinnell Mut. Reinsurance Co., 716 F.3d 487, 490 (8th Cir. 2013), we first note that Nevada law controls whether the arbitration award precluded Capital's claim, see Hicks v. O'Meara, 31 F.3d 744, 746 (8th Cir. 1994) (federal court gives preclusive effect to state-court judgment according to state's law). In Nevada, a prior judgment, including that of an arbitration, is entitled to preclusive effect when (1) the issue decided in the prior action is identical to the one presented in the new action, (2) the prior action resulted in a final judgment on the merits, and (3) the party against whom preclusion is asserted was a party or in privity with a party to the prior adjudication. See Bennet v. FDIC, 652 P.2d 1178, 1180 (Nev. 1982); see also Int'l Ass'n of Firefighters, Local 1285 v. Las Vegas, 823 P.2d 877, 880 (Nev. 1991) (collateral-estoppel doctrine applies to arbitrations). The parties agree that the first two elements are met, and we hold that DKP was in privity with Fields because their contractual relationship is the basis of Capital's claim. See Headwaters Inc. v. U.S. Forest Serv., 399 F.3d 1047, 1053 (9th Cir. 2005) (when interpreting Nevada claim-preclusion law, court stated that parties to contract come under traditional privity concept (citing Restatement (Second) of Judgments, §§ 43-61 (1982))).

In the main, the parties' disagreements focus not on whether the arbitration has preclusive effect, but instead on what the arbitrator actually decided. Regardless of those disagreements, we conclude that Capital's claim against DKP was precluded because it could have been raised in the arbitration but was not. See Five Star Capital Corp. v. Ruby, 194 P.3d 709, 712 (Nev. 2008) (claim preclusion prevents party from filing another suit based on "same set of facts that were present" in initial suit); Executive Mgmt. v. Ticor Title Ins. Co., 963 P.2d 465, 473 (Nev. 1998) ("[C]laim preclusion embraces all grounds of recovery that were asserted in a suit, as well as

those that could have been asserted." (quoting <u>University of Nevada v. Tarkanian</u>, 879 P.2d 1180, 1191 (Nev. 1994))); <u>see also</u> <u>Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Nixon</u>, 210 F.3d 814, 817 (8th Cir. 2000) (arbitrator's award is final judgment for purposes of collateral estoppel and res judicata; concluding plaintiff could not assert claims that had already been ruled upon in arbitration), <u>overruled on other grounds</u>, <u>EEOC v. Waffle House, Inc.</u>, 534 U.S. 279, 285 (2002).

Accordingly, we affirm the judgment of the district court.

_____