An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123

## IN THE SUPREME COURT OF THE STATE OF NEVADA

LANCE T. POSNER, AN INDIVIDUAL;
EVE M. POSNER, AN INDIVIDUAL;
AND CONSULTING AND HOLDING,
LLC, A NEVADA LIMITED LIABILITY
COMPANY,
Appellants,
vs.
RONALD TASSELY, AN INDIVIDUAL;
AND MSG DESIGN, LLC, A
DISSOLVED NEVADA LIMITED
LIABILITY COMPANY,
Respondents.

No. 63326

FILED

JAN 09 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

### ORDER OF AFFIRMANCE

This is an appeal from a district court judgment and an order denying a motion for a new trial in a contract action. Eighth Judicial District Court, Clark County; Ronald J. Israel, Judge.

### FACTS AND PROCEDURAL HISTORY

*General Background*

Respondents Ronald Tassely and MSG Design, LLC, filed a complaint against appellants Lance Posner, Eve Posner, and Consulting and Holding, LLC that included breach of contract claims arising from promissory notes related to two real property transactions. In their answer, appellants asserted that they were entitled to an offset. Underlying respondents' and appellants' claims are three properties: one house owned by Tassely (Montecito), an undeveloped tract of land

15-00980

originally owned by Tassely (Vacant Lot), and a separate house purchased by Consulting and Holding, LLC (Branding Iron).

After concluding that he needed to sell property to keep Montecito, Tassely and Mr. Posner entered into a general agreement (Initial Agreement) prepared by or at the direction of Mr. Posner for that purpose. The day after Tassely executed the agreement, Mr. Posner signed it, but only after inserting handwritten notes that purported to include Tassely's equity interest in Montecito.

Mr. Posner and Tassely subsequently engaged in a series of transactions related to Vacant Lot. In exchange for, among other things, a non-interest bearing promissory note for $240,000.00 (Vacant Lot Note) signed by the Posners, Tassely transferred title to Vacant Lot to Posner Investments, Inc. After the Posners defaulted on payments required by the terms of the Vacant Lot Note on March 3, 2008, Tassely accelerated all amounts due. Ultimately, the district court concluded that the Posners owed Tassely $118,999.00 plus interest from and after March 3, 2008, on the Note.

Later, Mr. Posner, Consulting and Holding, LLC (C&H), and MSG Design, LLC entered into an agreement with two other parties for the purchase and sale of a house and real property (Branding Iron).[1] The agreement identified MSG as a partner with C&H and mentioned a "partnership interest." The agreement also required the delivery of cash and personal property in the amount of $100,000.00, which Tassely provided, acting on behalf of MSG. In connection with the purchase

---

[1]Posner signed the agreement individually and on behalf of C&H, and Tassely signed the agreement on behalf of MSG only.

agreement, Mr. Posner, individually and on behalf of C&H, executed and delivered to MSG a promissory note for $100,000.00 (Branding Iron Note). The Note provides that upon the sale of Branding Iron, C&H will pay MSG $100,000.00 plus one-half of the equity in the property, less maintenance costs. The Note also contained a provision requiring payment in full after five years. Mr. Posner, individually and on behalf of C&H, executed a trust deed to secure performance under the Branding Iron Note. MSG then assigned its rights under the Note and Trust Deed to Tassely.

When the market crashed, the Branding Iron property was foreclosed upon and the $100,000.00 equity interest was lost. On June 2, 2009, the Branding Iron Note's $100,000.00 balloon payment provision became effective. Posner and C&H never paid Tassely the $100,000.00.

*Sanctions*

During discovery, appellants' counsel failed to timely respond to respondents' requests for admission. Due to this and other errors, the discovery commissioner recommended that, inter alia, the district court sanction appellants for $4,000.00 and deem the untimely responses to the requests for admission admitted. The district court accepted the discovery commissioner's recommendation, but reduced the sanctions to $2,000.00. Based on this, respondents filed a motion in limine to prevent appellants from presenting evidence contrary to the requests for admission deemed admitted. Appellants filed an opposition to the motion and a countermotion to strike the sanctions related to the admissions for being unconstitutional. After a hearing, the district court rejected appellants' constitutional argument but reinstated their answers to the requests for admission, substituting a monetary sanction under NRCP 37 for

Supreme Court
OF
Nevada

(O) 1947A

3

$11,218.75. The monetary sanction was later deducted from respondents' award of attorney fees.

## DISCUSSION

### Initial Agreement

Based on their contention that the Initial Agreement was an enforceable contract, appellants argue that they are entitled to at least a $250,000.00 offset from the judgment from the Montecito equity interest, and therefore, owe respondents nothing.[2] Respondents assert that the district court's finding that the Initial Agreement was unenforceable is supported by substantial evidence.

"[W]hether a contract exists is [a question] of fact, requiring this court to defer to the district court's findings unless they are clearly erroneous or not based on substantial evidence." *Certified Fire Prot., Inc. v. Precision Constr., Inc.*, 128 Nev. ___, ___, 283 P.3d 250, 255 (2012) (alterations in original) (internal quotation omitted). "Basic contract principles require, for an enforceable contract, an offer and acceptance, meeting of the minds, and consideration." *Id.* (internal quotation omitted). For a meeting of the minds to exist, the parties must have agreed about the contract's essential terms. *Id.*

We conclude that substantial evidence supports the district court's finding that the Initial Agreement was unenforceable because there was no meeting of the minds. The record shows that Tassely signed

---

[2]Appellants' argument that the district court could not consider the enforceability of the Initial Agreement lacks merit because they brought that contract's validity into issue by raising it as the basis for their offset claim.

the agreement before Mr. Posner inserted his additional terms and signature. It would be unreasonable to say that Tassely intended, post execution, to be bound by new terms unilaterally added by Mr. Posner, such as the inclusion of the Montecito equity interest. Because the inclusion of that equity interest would have been an essential term, substantial evidence supports the district court's finding that there was no meeting of the minds, and therefore, the Initial Agreement was unenforceable.

*Partnership*

Appellants next argue that because the Branding Iron purchase agreement created a partnership or joint venture between appellants and respondents, respondents have no right to the $100,000.00 owed on the Branding Iron Note. Appellants also contend that respondents have no right to that money because the contingency triggering payment—the property's sale—never occurred. Respondents urge us to defer to the district court's determination that no partnership existed and that the $100,000.00 is due.

Whether a partnership or joint venture arises out of a written agreement is a question of fact. *See Dieleman v. Sendlein*, 99 Nev. 768, 769-70, 670 P.2d 578, 579 (1983); *see also Radaker v. Scott*, 109 Nev. 653, 658, 855 P.2d 1037, 1040 (1993) (stating that "principles of law regarding general partnerships encompass joint ventures"). "[A] partnership is an association of two or more persons to carry on as co-owners a business for profit," NRS 87.060(1), whereas "[a] joint venture is a contractual relationship in the nature of an informal partnership wherein two or more persons conduct some business or enterprise, agreeing to share jointly, or

in proportion to capital contributed, in profits and losses." *Bruttomesso v. Las Vegas Metro. Police Dep't*, 95 Nev. 151, 154, 591 P.2d 254, 256 (1979).

Although the Branding Iron purchase agreement stated that MSG was a partner with C&W, the agreement did not relate to or create a business for profit, and thus, did not create a partnership. Moreover, we conclude that the agreement was insufficient alone to create a joint venture because it failed to identify a business objective between appellants and respondents and did not speak to the parties jointly or proportionally sharing profits and losses. Having determined that the agreement created neither a partnership nor a joint venture, we next consider whether the $100,000.00 owed on the Branding Iron Note was contingent upon the property's sale.

We review contractual interpretation de novo. *Anvui, LLC v. G.L. Dragon, LLC*, 123 Nev. 212, 215, 163 P.3d 405, 407 (2007). When a contract's language is unambiguous, this court will interpret that language according to its plain meaning. *Dickenson v. State, Dep't of Wildlife*, 110 Nev. 934, 937, 877 P.2d 1059, 1061 (1994). Although poorly written, the repayment terms are unambiguous when reading the Note as a whole. The terms provide that appellants are required to repay the full $100,000.00 plus one-half of the equity interest in the Branding Iron property upon its sale and, if the property is not sold, to repay any balance on the loan in full after June 2, 2009. Accordingly, the district court properly construed this contract by requiring payment of the loan in full plus interest from and after June 2, 2009.[3]

---

[3]We reject appellants' allegation of improper judicial conduct by the district court because (1) they failed to offer evidence that they preserved
*continued on next page . . .*

SUPREME COURT
OF
NEVADA

(O) 1947A

6

*Sanctions*

Appellants next argue that the district court abused its discretion by deeming admitted their tardy answers to respondents' requests for admission. Moreover, appellants contend that the district court impermissibly conditioned their right to go to trial on their payment of $11,218.75 and violated their due process by not allowing them the opportunity to submit evidence or assert a defense. Respondents assert that the district court's reinstatement of appellants' untimely answers and deduction of the sanctions from respondents' award of attorney fees renders this issue moot.

This court has "a duty to decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles of law which cannot affect the matter in issue before [it]." *Majuba Mining, Ltd. v. Pumpkin Copper, Inc.*, 129 Nev. ___, ___, 299 P.3d 363, 364 (2013) (internal quotation omitted). A moot question is one that has no practical

---

*. . . continued*

the claim below, (2) they waited too long before raising the allegation, and (3) the record does not support the allegation. *See Foley v. Morse & Mowbray*, 109 Nev. 116, 120, 848 P.2d 519, 521 (1993) (stating that a party must make a specific objection at trial to preserve a claim of judicial misconduct); *Ainsworth v. Combined Ins. Co. of Am.*, 105 Nev. 237, 260, 774 P.2d 1003, 1019 (1989) (explaining that when counsel knows of facts that would support a motion for reconsideration, recusal, or vacatur based on judicial "bias and impropriety[, counsel] may not lie in wait and raise those allegations . . . only after learning the court's ruling on the merits" (internal quotations omitted)), *abrogated on other grounds by Powers v. United Servs. Auto. Ass'n*, 114 Nev. 690, 962 P.2d 596 (1998).

significance. *See Black's Law Dictionary* 1099 (9th ed. 2009). Appellants' arguments on this issue have no practical significance because the district court reinstated appellants' answers to respondents' requests for admission and deducted the monetary sanctions from respondents' final award of attorney fees. Accordingly, this issue is moot and we need not decide it.[4]

We therefore ORDER the judgment of the district court AFFIRMED.

_____, C.J.
Hardesty

_____, J.                    _____, J.
Parraguirre                            Douglas

_____, J.                    _____, J.
Cherry                                 Saitta

_____, J.                    _____, J.
Gibbons                                Pickering

cc:    Hon. Ronald J. Israel, District Judge
       Jerry J. Kaufman, Settlement Judge
       Robert W. Lueck, Esq.
       Nitz Walton & Heaton, Ltd.
       Eighth District Court Clerk

---

[4]We also decline to consider appellants' challenge to the constitutionality of SCR 123 as it was not properly raised.